MORRIS, Defendant in Error, v. MORRIS, Plaintiff in Error.

1. Where a cause is properly triable by the court, the parties are not entitled as a matter of course to have issues framed and submitted to a jury. The cases in which it is peculiarly appropriate to direct issues to be submitted

to and tried by a jury are those in which single material facts are disputed and the evidence is conflicting.

2. Issues submitted to a jury should be framed in language plain and perspicuous.

3. Instructions given to a jury should contain no comments on the evidence.

4. Resulting trusts are not within the statute of frauds.

*Error to Lawrence Circuit Court.*

This was an action by Jesse E. Morris against Zachariah Morris, John P. Campbell, L. J. Morrow and W. Morrow. Campbell died and the suit was finally dismissed as to all the defendants except Zachariah Morris. The plaintiff in his petition set forth in substance that one Robert Morrow entered a certain tract of land in the land office; that at the time of the entry by Morrow plaintiff was in possession of said land and had a portion thereof in cultivation and had improvements; that afterwards the plaintiff purchased said land from said Morrow, and was to pay him therefor the money the latter had paid upon its entry, with interest thereon; that plaintiff employed one Asa Smith to accompany said Morrow to the town of Springfield to pay said Morrow the purchase money and get a deed from Morrow to the plaintiff; that he instructed them to apply to John G. Campbell to write the the deed and attend to the taking of the acknowledgment; and that he would pay Campbell for his trouble and expenses; that Smith as agent of the plaintiff paid said Morrow the said purchase money; that Morrow agreed to make and deliver a deed to plaintiff and leave the same with Campbell; that Campbell fraudulently inserted his own name in said deed; that Campbell conveyed said land to Zachariah Morris, who took with notice. Plaintiff prayed for a decree of title.

The following issues were submitted to the jury: " 1st. Did plaintiff purchase the land in question, and procure John G. Campbell to write the deed, pay the purchase money, and have possession of the land at and before the purchase? 2d. Had the defendant notice that plaintiff had purchased said land from Morrow and procured Campbell to write the deed

previous to the defendant's purchase from Campbell ? 3d. Had plaintiff possession of the land when Morrow executed the deed to Campbell ?" All these issues were found for plaintiff.

*Crawford, Edwards & Ewing*, for plaintiff in error.

I. Campbell's heirs should have been made parties to the suit, because, if the facts set forth in the bill are true, Zachariah Morris would have a remedy over against them in the event that Jesse Morris succeeded, and they should have been parties. Plaintiff in this bill does not aver that he paid Smith the purchase money to pay to Morrow, nor does he aver that the money paid to Morrow for the land was his money. The facts are not sufficiently stated to take the case out of the statute of frauds. (See Johnson v. Magruder, 15 Mo. ——.) The proper issues were not presented to the jury. Defendant relied upon the statute of frauds as to the alleged purchase of Jesse Morris from Morrow, but such issue was [not] presented to the jury by the court. Every issue presented in the case may be found for the plaintiff and still the plaintiff would not be entitled to recover. The statute of frauds was well pleaded to the action. There is no pretence that the contract between Jesse Morris and Morrow was in writing ; and the plaintiff fails to make such a case as will take the case out of the statute of frauds. The court erred in refusing to permit the witness to answer the question put in relation to the general character of A. Z. Smith for truth and veracity. The court erred in giving the instructions asked by the plaintiff. They were not warranted either by the evidence or the law.

SCOTT, Judge, delivered the opinion of the court.

If J. P. Campbell loaned the money to Smith with which he says he paid for the land and took the deed in his own name for his indemnity by an arrangement with Smith, who was the agent of the plaintiff, then it would seem that this action has been misconceived, as the plaintiff could not ex-

Morris v. Morris.

pect to recover without reimbursing Campbell or those claiming under him. The testimony of Smith as preserved in the record is very unsatisfactory. He does not say who furnished the money which he paid for the land. Whether, by contract with the plaintiff, Smith was to furnish the money for him or whether the plaintiff himself put the money in Smith's hands, does not appear. If Campbell loaned the money and had to take a deed in his own name for his security, that is no reason why he should not be paid for writing the deed. It does not appear but that there may have been an arrangement with Campbell for the loan of the money with the privity of the plaintiff. The father of the plaintiff testifies that Campbell, before his conveyance to the defendant, told him that he had no claim to the land in controversy, but another witness stated that the plaintiff told him that he had been wronged by Smith. The evidence in relation to the character of Smith was all-important and should not have been excluded.

The issues in this case were very bunglingly framed. It seems they were filed after the jury was sworn, but by whom the record does not inform us. It does not appear whether the court directed them or not. The case was properly triable by the court, and when cases are so directed to be tried, it is not for the parties, as a matter of course, to require a jury. The court has a discretion and should exercise it in order to determine whether the case is a proper one for a jury. We know that there are a great many cases which can with no propriety be tried by a jury. When a single material fact is disputed in a cause and the evidence is contradictory, courts will direct it to be tried by a jury; but these cases half tried by a court and half by a jury are always in perplexity and confusion. Judges should not relieve themselves by throwing the responsibility of trying causes on juries when the law contemplates that the duty shall be discharged by themselves.

The first issue is defective because it is so worded that it does not appear whether the payment of the purchase money

therein mentioned was by Campbell or by the plaintiff. It is a matter of uncertainty whether the jury was directed to find whether the plaintiff or Campbell paid the purchase money. It is not maintained that it may not be conjectured what the language means or what was intended, but issues submitted to a jury should be in language so plain and perspicuous that no doubt could arise as to their meaning.

The second issue directs two facts to be found, neither of which disposes of the cause, nor both together; but, if found, merely serve as the ground-work of an inference which, if it existed, would be material in determining the controversy. This is rendered plain by the instruction given by the court, and which instruction is objectionable, as it amounts to a comment on the evidence, which the court by statute can not make but by consent.

The third issue related to the possession of the land in controversy. We do not see how the matter of possession is material in this suit. The defendant did not pretend any title to the land before his purchase from Campbell. There is no pretence that the statute of limitations has any application, or, if it has, it has not been suggested anywhere in the record. How then can the fact of possession affect the merits of the controversy? Of what avail could it be as notice, as no title previous to the defendant's purchase is claimed for him? The plaintiff must show fraud in Campbell before he can succeed, and if such fraud is established, how can the defendant's possession help him as he claims under Campbell?

The case of the plaintiff proceeds on the hypothesis that Campbell having in bad faith procured the legal title to the land, a trust results to him to have the title reconveyed. It is very clear under this view that the statute of frauds has nothing to do in determining this controversy, as it is well settled that resulting trusts are not within the statute of frauds and perjuries.

As the judgment will be reversed it will be needless to review the instructions. They are not very perspicuous, and

would serve rather to confound a jury than to aid them in their deliberations. When the law is so plain, what can be the object of many instructions? When each party takes extreme views of the law of a case, why not reject both sets of instructions and frame such as will fairly set forth the law? From what has been said, the burden, it is obvious, is on the plaintiff to show that Campbell acquired the legal title to the land in dispute in bad faith or in fraud of the rights of the plaintiff knowingly, and that the defendant took a conveyance from Campbell with the knowledge of the bad faith or fraud on his part in acquiring the title. The character of the parties to this transaction, actors and witnesses, must and should have influence in determining it. That is not a matter for this court. It is for those who may have known them and may hear the witnesses testify.

Judgment reversed and remanded; Judge Richardson concurs. Judge Napton absent.