## CAROTHERS *v.* JONES.

FORMER RECOVERY — *conclusive.* In an action of replevin it appeared that the property in dispute had been the subject of another suit, and the record of that suit being introduced in evidence, a verdict contrary to the judgment in the first suit will not be sustained.

NEW TRIAL — *where the verdict is not supported by evidence.* In an action of replevin for two mules, a wagon and harness, there was no evidence as to the wagon and harness. A general verdict for the plaintiff will be set aside and a new trial awarded.

### *Error to District Court, Jefferson County.*

JONES brought replevin against Carothers for two horse mules, one set double harness, one large double wagon; each of said mules branded T on the left shoulder, and each about eight years old; one dark brown color, the other a lightish bay color, known as the Tucker mules.

At the trial Arthur McLaughlin testified: He knew property in dispute; it is one span of horse mules, one light bay, one dark brown and branded T on left shoulder, they are known as the Tucker mules; bought in Georgetown of Tucker in September, 1867; property paid for in hay and potatoes. Defendant told me he was to have one-half of the mules if he paid for them; defendant paid nothing, told me he had nothing to do with the mules. Mules worth $400, wagon, $75; harness, $25. Plaintiff kept possession of mules until May 15, 1868; the defendant took possession and kept them till August.

Cross-examination: The defendant got possession of the mules from the sheriff of Park county. I was present at the term of court in Park county in 1868.

Jesse McLaughlin testified: Plaintiff obtained the mules

of Tucker, to be paid for in hay and potatoes: Defendant told me he had nothing to do with the mules, that Jones owned them. I was present when parties settled; allowed defendant $30 a month for his work; this took place the last of January, 1868; defendant came with the sheriff and took the mules and replevied them.

Defendant gave in evidence a transcript of record from the probate court of Park county, which record was of a suit between John M. Carothers, plaintiff, and William M. Jones, defendant; declaration in replevin for one dark-brown mule, one bay mule, both branded T on left shoulder, one four-mule wagon and a double harness. This transcript showed a judgment for the plaintiff, that he retain possession of the property replevied, and that he recover his costs of suit, etc. Jesse McLaughlin testified that the mules in controversy, in the probate court of Park county, were branded T on left shoulder, and that one was a dark-brown mule, and the other a light-bay mule. Arthur McLaughlin testified that the property replevied by Carothers in Park county were two large mules, one light-bay, one dark-brown, a double harness and a four-horse wagon.

Mr. JAMES MARSHAL PAUL, for plaintiff in error.

Mr. L. C. ROCKWELL, for defendant in error.

BELFORD, J. William M. Jones, the defendant in error, instituted his suit in replevin against John M. Carothers, the plaintiff in error, in the district court of Jefferson county. The property sought to be recovered in this action consisted of two mules, a two-horse wagon and a set of double harness. The property is described in the plaintiff's affidavit as follows: "Two horse mules, one set of double harness, one large double wagon; each of said mules branded T on its left shoulder, one of a dark-brown color and one of a light-bay color, known as the Tucker mules." The defendant, Carothers, filed several pleas, *non cepit, non detinet,* and one setting up title in himself. The cause was tried by a jury, who returned a verdict for the plaintiff. A motion

was made by the defendant for a new trial, which was overruled and excepted to.

Judgment was entered on the verdict and the defendant appeals to this court.

The errors assigned are two : First, that the verdict of the jury was contrary to the evidence ; second, that the court erred in overruling the motion for a new trial. Appellate courts are very reluctant to interfere with the verdict of a jury, and especially so when there is evidence tending to support it. The jurors have the witnesses before them, hear them testify, observe the manner in which their evidence is given, and are in a better situation to estimate correctly the weight to be attached to their testimony than is a court whose impressions of the evidence are simply drawn from a perusal of the record. For these reasons the supreme court will only interfere when it is clear and manifest that injustice will result from upholding a verdict. From the evidence incorporated into the bill of exceptions, it appears that the mules in controversy were purchased by Jones and Carothers in September, 1867, of one Tucker. These mules remained in the possession of Jones from September, 1867, until May 15, 1868, when they were delivered into Carothers' possession by the sheriff of Park county, by virtue of a writ of replevin. Carothers retained possession until August, 1868, when the mules were taken by the sheriff of Jefferson county and delivered to Jones in pursuance of a writ of replevin, issued out of the Jefferson district court in the suit of Jones against Carothers. To establish his title to the mules, Carothers introduced in evidence a transcript of the record of the probate court of Park county, from which it appears that, at the June term, 1868, of said probate court, Carothers had instituted an action of replevin against Jones for the recovery of one brown mule, branded on the left shoulder with the letter T, also one bay mule branded on the left shoulder T ; also a four-mule wagon and set of double harness. A trial was had, a verdict rendered in Carothers' favor, and it was ordered by the court that the plaintiff in that suit retain possession of the property. Whatever objection

may exist to the form of the judgment rendered in the Park probate court, none was made either to its form or validity in the court below. And no cross-errors having been assigned by the defendant in error, I regard said judgment for the purposes of this suit as valid and effectual. Were the mules replevied by Jones in the action below the same mules replevied by Carothers in his suit in the Park probate court? I think there can be no doubt of it, when we compare the description of the property in the two suits. Jones, in his affidavit, describes them as the Tucker mules. The evidence introduced shows conclusively that Jones kept possession of the mules bought of Tucker, until dispossessed by the sheriff of Park county, under the authority of a writ of replevin ; that then Carothers obtained possession of these same Tucker mules, and that the mules in controversy in the court below were the identical mules purchased by Jones and Carothers of Tucker in Georgetown, September, 1867.

If the proceedings of the Park probate court are to be regarded as valid, and the title to these mules between these same parties was settled in that suit, then this second action should not and cannot be maintained. The verdict should have been set aside and a new trial awarded. But this verdict cannot be maintained on another ground. The jury found that the plaintiff below was the owner of the wagon and harness ; and in that verdict the same was adjudged by the court to Jones. There is not one particle of evidence to sustain this finding ; not a single witness testified on the subject. The finding was entirely unauthorized and unwarranted, and to permit such a verdict to stand is to do violence to the rights of property and injury to the principles of justice.

The action of the court below in denying a new trial must be reversed and the cause remanded for further proceedings.

*Reversed.*