BRICKER v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

| 88 | 391 |
|----|-----|
| 31a | 384 |
| 32a | 46 |
| 88 | 391 |
| 35a | 552 |
| 88 | 391 |
| 106 | 657 |
| 45a | 613 |
| 88 | 391 |
| 55a | 166 |
| 88 | 391 |
| 61a | 89 |
| 88 | 391 |
| 64a | 332 |
| 88 | 391 |
| 70a | 593 |
| 88 | 391 |
| 90a | 153 |

1. **Pleading**: SEVERAL COUNTS. When a pleader includes in his statement or petition several distinct causes of action, it is unnecessary for him to repeat allegations which are applicable to them all. It is sufficient that such allegations refer to and are applicable to each count which might be defective without them.

2. **Several Counts**: GENERAL VERDICT, WHEN IMPROPER. A general verdict for the plaintiff in such case is improper and this rule applies to cases tried in the circuit court on appeals from justices of the peace as well as to those originating in the circuit court.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

REVERSED.

*Robert Adams* and *G. N. Bowles* for appellant.

The statement filed with the justice and upon which this case was tried in the circuit court charges the killing and injury to cattle at one time and the killing of five hogs at different times upon which there was a general verdict and judgment. At the trial the defendant objected to the introduction of any evidence, one of the grounds being that the statement charges four distinct and separate causes of action in one count, and again objected thereto by motion in arrest of judgment. The court erred in overruling the objection and the motion in arrest. *Owens v. Hannibal & St. Joseph R. R.*, 58 Mo. 386, and cases cited in the opinion of the court. Defendant's second instruction should have been given. The only negligence imputed to defendant was a failure to

fence its track. The statute of this state did not require any person to fence against swine in any county in which it should be unlawful for the same to run at large. Sec. 12, Session Acts of 1879, page 160; *Ry. Co. v. Lea*, 2C Kansas 353; *Ry. Co. v. Landers*, 24 Kansas 406; *Ry. Co. v. Dyche*, 28 Kansas 200; *Ry. Co. v. Mossman*, 30 Kansas 336.

*F. P. Wright* for respondent.

The statement is in the usual manner of stating several causes of action before justices of the peace and the verdict and judgment are, also, in the usual form. *Farrell v. Union Trust Co.*, 77 Mo. 475. The case of *Owens v. R. R.*, 58 Mo. 486, originated in the circuit court and is not applicable here.

MARTIN, C.—This is an action for double damages under section 809, Revised Statutes, 1879, for injuring and killing stock. The suit was commenced before a justice of the peace, from whose decision it was appealed to the circuit court. The trial in said court resulted in a verdict for $91.66 in favor of plaintiff, upon which judgment was entered for double that amount. It is alleged in the statement of suit that on the 8th day of August, 1881, the defendant by its agents and servants while running a locomotive and train of cars over their road in Peculiar township ran against, struck and crippled and rendered worthless one milch cow and one steer, each of the value of $40, to the damage of plaintiff in the sum of $80.

And that on the 5th day of November, 1881, the defendant by its agents, servants and employes, while running a locomotive and train of cars over its road in Peculiar township, struck and killed two of plaintiff's hogs of the value of $4 each, to plaintiff's damage in the sum of $8. And that on the 7th day of December, 1881, the defendant by its agents, servants and employes, while running a locomotive and train of cars over their road in Peculiar township, ran against, struck and killed three

of plaintiff's hogs of the value of $5 each, to the damage of plaintiff in the sum of $15. The statement goes on to allege that said cow, steer and all of said hogs came upon said road where it passes through plaintiff's enclosed fields and where there was no highway crossing; and that the defendant failed to maintain lawful fences at the points where they came on and were injured or killed, and that they were injured or killed as aforesaid by reason of defendant's failure to maintain lawful fences on the sides of its road.

The defendant at the trial objected to the introduction of any evidence for insufficiency of the statement and because it contained three distinct causes of action in one count. These objections were overruled and the trial before the jury resulted in the general verdict, as hereinbefore stated. The defendant then moved in arrest, stating, among other reasons, that a general verdict on the three distinct causes of action was erroneous and should be set aside. From the action of the court in overruling this motion it brings the case here on appeal.

There are evidently three distinct causes of action included in this statement. The stock was not the same mentioned in the clauses describing the different injuries or losses. The action of defendant in running into and injuring or killing the stock on each of the three occasions constituted three distinct causes of action. These causes of action being of the same class can all be joined in one suit. The objection that they are not separately stated is not well taken. There is a distinct and separate statement of each accident or loss. When a pleader includes in his statement or petition several causes of action, it is unnecessary for him to repeat allegations which are applicable to them all. It is sufficient that such allegations refer to and are applicable to each count, which might be defective without them. But the court erred in accepting a general verdict on these distinct causes of action. There should have been a separate

finding and assessment of damages on each. In no other way can the defendant be advised of the amount of his liability on each cause. An observance of this rule is invariably enforced in this court, when an objection to its breach has been properly saved in the record, as appears in this case. *Mooney v. Kennett*, 19 Mo. 551; *Clark's Adm'r v. R. R.*, 36 Mo. 215; *Pitts v. Fugate*, 41 Mo. 405; *Collins v. Dulle*, 45 Mo. 269; *Bigelow v. R. R.*, 48 Mo. 510; *Owens v. R. R.*, 58 Mo. 386. I may add here, that although this suit was commenced before a justice it was finally tried in the circuit court, and that the reason for adhering to the rule in cases appealed from justices' courts is quite as cogent as in cases originally commenced in the circuit court.

The law which permits a joinder of causes in one suit before a justice implies that each cause shall be so stated as to indicate that it is a distinct and separate cause of action. Rev. Stat. 1879, secs. 2850, 2851, 2855, 2984. The statement need not be as formal as in the circuit court. But when a statement including distinct causes of action comes on for trial in the latter court, the rule relating to a separate finding and assessment of damages must be observed as in other cases. The possible fact that the distinct causes are not separately stated, will not relieve the court of error in permitting a general finding and assessment of damages. If, in this case, the verdict had been for defendant there would have been no error. The verdict would have been divested of the embarrassment arising from the amount of damages. When a verdict of "guilty" without anything more is a sufficient finding, it may cover several causes of action.

For the error in the general assessment of damages the judgment is reversed and the cause remanded. All concur.