## INNES v. HAY

(No. 1029; Decided February 10, 1922; 203 Pac. 1091.)

ACTION FOR WORK AND LABOR—PLEADINGS—COUNTER CLAIM—APPLICATION OF CREDITS—SEPARATION AND NUMBERING OF CAUSES OF ACTION—DEMAND FOR JURY TRIAL—VERDICT—PENALTY FOR FRIVOLOUS APPEAL—COSTS.

1. In an action for labor and services performed under an oral contract providing for payment of the going wage,

a claim by plaintiff in which the rate of wage demanded varied according to stated periods comprising a general period of continuous service, held, to constitute one contract and one cause of action.

2. A petition alleging a claim for work and labor and a claim for team hire in separate counts or causes of action followed by a third count or paragraph numbered "III" summarizing both claims, while unusual and perhaps irregular as a method of pleading, is not a defect sufficient to render the denial of a motion to strike the third paragraph, prejudicial error.

3. In an action to recover a balance claimed for work and labor, an exception taken to an application of credits made upon the aggregate claim instead of upon specific items of the claim, held, to be immaterial and without merit.

4. The allowance of an application for a jury in a civil action made out of time but accompanied by the required findings, being a matter within the discretion of the Court was not error.

5. A general verdict in a lump sum may be properly returned on a petition containing several causes of action, where the findings necessarily show that the subject matter of all of the issues was determined by the verdict, and where no objection is made at the time the verdict is returned, or opportunity given to correct any existing error therein until after the jury has been discharged, a judgment for a lump sum following the verdict will not be disturbed.

6. Where the state of the law on a point urged in proceedings in error is unsettled, the penalties provided by Comp. Stats. 1920, Section 6372 will not be assessed.

ERROR to the District Court, Albany County, HON. JAMES H. BURGESS, Judge.

*S. C. Downey,* and *F. E. Anderson,* for plaintiff in error.

The Court erred in overruling the motion of plaintiff to strike out parts of the amended petition, and to require a more definite and specific statement of claim. The petition did not comply with the requirements of Section 4380 Comp. Stats. 1910 requiring that causes of action be separately stated and numbered. (King v. Beaumier, 174 Pac.

613; 25 Wyo. 35.) The credit should have applied to the cause of action that first accrued. Plaintiff was not entitled to jury trial, not having demanded a jury within time. (Laws 1913, Chapter 66.) (Baldwin v. McDonald, 24 Wyo. 108.) There was an improper application of credits. There should have been separate verdicts upon each cause of action, defendant having excepted to the verdict at the time of his return. (Spelling on "New Trials" Vol. 1, p. 423; Warner v. Thomas, 105 Cal. 409; King v. Abell, 12 Pac. 718; Thornton on Trials, Sec. 2640.) Several motions attacking the form of plaintiff's petition were filed and overruled, hence plaintiff in error is not changeable with failure to take exceptions to the pleading. The verdict is not supported by the evidence. There being at least two causes of action there should have been a verdict in each. (King v. Beaumier, supra.)

*Arnold, Patterson & Arnold,* for defendant in error.

The petition stated the ultimate facts in accordance with the rules of the code. (Comp. Stats. 1910, Section 4379. Ramsey v. Johnson, 7 Wyo. 398.) The allowance of a jury was within the discretion of the Court. (Sec. 4453 Comp. Stats. 1910; Chosen Friends v. Otterson, 7 Wyo. 89; 16 R. C. L. 218; Kahn v. Company, 4 Wyo. 440; Bullock v. Co. 31 Pac. 367; McCarthy v. R. R. Co., 15 Mo. App. 385; Wood v. Ry. Co., 79 Pac. 182.) The Court had authority to call a jury upon its own motion. (Knapp v. Pendo, 79 Pac. 209; Hart v. Kascade Co., 81 Pac. 739; De Remer v. Anderson, 737 Pac. 741.) There is no assignment that the judgment is excessive. The verdict was for a lump sum and no exception was taken on that ground prior to the discharge of the jury; it is apparent from the verdict that all issues were passed upon by the jury.

There was but one contract involved and irrespective of the division or setting off of the items constituting plaintiff's claim, the nature of the claim could not be changed as a matter of law. (1 C. J. 1055.) The question is govern-

ed by the nature of the right or subject of controversy presented for adjudication. (1 C. J. 1062.) In mutual acts a cause of action exists in favor of him only to. whom there is a balance due. (Dewing v. Dewing, 127 N. W. 1051.) Kind v. Beaumier cited by plaintiff in error is not in point in view of the facts. The manner of making application of credit was in nowise prejudicial to the defendants. The penalty for frivolous appeals should be invoked since there was no reasonable cause for proceedings in error or for keeping plaintiff out of his money by the delay occasioned thereby. (Section 5110 Comp. Stats. 1910. American Bar Association, Journal, Vol. 6, No. 5.)

BLUME, Justice.

Alec Hay, plaintiff below, brought this action against John Innes, defendant below, to recover a balance due him of $1389.30. The amended petition was in two causes of action, or counts. The plaintiff in the first cause of action alleges that he entered into an oral contract with defendant whereby defendant hired him to work on a ranch, agreeing to pay the going wage; that pursuant thereto he performed services, claiming therefor the going wage as follows: From May 1, 1917 to December 31, 1917, 8 months at $55.00 per month, total $440.00; From January 1, 1918 to April 30, 1918, 4 months at $75.00, a total of $300.00; from May 1, 1918 to September 30, 1918, 5 months at $95.00 per month, total $475.00; from October 1, 1918 to March 31, 1919, 6 months at $75.00 per month, total $450.00. These items, set forth in different paragraphs, total $1665.00. Under the second count plaintiff claimed $596.00 for team hire. Under separate heading marked "III," plaintiff set forth that the total of the amount due from defendant to plaintiff for services and team hire is the sum of $2261.00, less payments made at various times aggregating $871.70, leaving a balance due of $1389.30, for which, with interest from April 1st, 1919, plaintiff demands judgment. An answer and counter claim was filed and the case was

submitted to a jury who returned a verdict of $956.00 for plaintiff on which judgment was entered. Said defendant brings this case here on petition in error. The parties are herein designated the same as in the court below.

Defendant, before answering, filed a motion to make the petition more definite and certain, which was overruled. This motion is not argued in the brief and no prejudicial error pointed out. Defendant also filed a motion to strike certain portions of the petition, including the allegation as to the oral contract for services and all that part of the petition marked III. This motion was also overruled. We do not exactly understand just the contention of counsel on these points. It seems to be contended that the items claimed under the first cause of action constituted separate causes of action. But this is not true. All the items accrued under the one contract, and it would have been unnecessary to have separated them into paragraphs. Part III of the petition simply summarizes the whole, is applicable to both counts, and while the method of pleading is somewhat unusual, and perhaps irregular, we find no prejudicial error therein. (See Bricker v. Ry. Co., 83 Mo. 391.) We are unable to see the force of the argument that the credits should have all been applied on the first cause of action, or the first two items therein. Wherein defendant was prejudiced by reason of the fact that the credits allowed in the petition of $871.70, or the credits finally proven of $1205, were not so applied, has not been pointed out. We do not see that it would have made any difference whatever.

No jury was demanded in the proper time. But after the expiration of the time allowed by law, plaintiff filed an application for a jury, accompanied by the jury fee. The court, over the objection of defendant, allowed the application. We see no error in this. The court in its discretion had the right to submit questions of fact to the jury, either upon its own motion or upon application made

therefor. (Chosen Friends etc. v. Otterson, 7 Wyo. 89, 50 Pac. 194; Morris v. Morris, 28 Mo. 114; Whipple v. Preece, 24 Utah. 376, 67 Pac. 1072; Wood v. Ry. Co., 28 Utah 351, 79 Pac. 182; Ogden Valley etc. v. Lewis, 41 Utah 183; 125 Pac. 687; Davis v. R. Co., 45 Utah 13, 142 Pac. 709; Board of Education v. West, 55 Utah 357, 186 Pac. 114; Knapp v. Order of Pendo, 36 Wash. 601, 79 Pac. 209; Sholin v. Skamania Boom Co., 56 Wash. 303, 105 Pac. 632; 28 L. R. A. (N. S.) 1053; Fitzpatrick v. Newland, 81 Wash. 401, 142 Pac. 867; Moot v. Moot, 214 N. Y. 204, 108 N. E. 424.) In fact, it is apparent that where an application therefore is made and allowed, the effect is the same as where the court calls a jury on its own motion.

Counsel for defendant claims that an item of $5.90 for telephone calls should have been allowed him, as a credit. As we read the record, the evidence in the case would have authorized a judgment for a larger amount than was returned, outside of the interest which was not included. We cannot, therefore, say that full allowance for the item mentioned was not made. Even if it clearly appeared that the amount was excluded from the verdict, it would be too small to justify a reversal, except by an order directing a new trial only upon failure of plaintiff to remit the amount from the judgment.

The petition containing two counts, counsel for defendant contends that there should have been a separate verdict on each count. He seems to think that the case of King v. Beaumeir, 25 Wyo. 35, 174 Pac. 613, so holds. But in that case a separate finding, or verdict, was returned on each of the eight counts in the petition, and the point in the case at bar was not involved therein and that case does not control this case. It appears to be true that the rule contended for obtains in some jurisdictions. (Thompson on Trials, § 2640.) The reason for this rule is said to be based on several considerations: (1) to advise the adversary of the amount of his liability on each cause; (2) to obviate the necessity of a new trial on all counts, when the judgment

on one or more of them cannot be sustained, and to enable the claimant in such case to dismiss the defective counts and take judgment for the rest. (Mooney v. Kennett, 19 Mo. 552, 61 Am. Dec. 576; Bricker v. Ry. Co., 83 Mo. 391.) As to the first reason, it may be said that if the adversary desires to know the amount of liability on each count he has the privilege of asking it, and if he fails to do so, he waives that point. The second reason is obviously for the protection of a claimant who relies on several counts, and the opposing party should not, in the first instance, be able to take advantage of a rule intended for the primary benefit of another. Hence it is undoubtedly true that where a plaintiff, having two or more causes of action, can recover under some counts, but not on others, then, when a general verdict is returned, and it cannot be determined how much of the verdict is based on the count or counts on which recovery could be had, the whole verdict must fail. It is, therefore, often to the interest of plaintiff to ask for separate verdicts on each count. It is on this principle that, for instance, Warner v. Thomas, 105 Cal. 409, 38 Pac. 960, and King v. Abel, 12 Colo. 547, 21 Pac. 718, were decided. But we think that the better and more prevailing opinion limits the rule above mentioned to that class of cases. (St. Yamamato v. Lumber Co., 84 Wash. 411, 146 Pac. 861.) It has been held by a number of courts that general verdicts in cases such as, or similar to, the case at bar, are legal. (St. Yamamato v. Lumber Co., supra. Hartman v. Ruby, 16 D. C. 45, 60; Phister v. Milwaukee Free Press Co., 139 Wis. 627, 661; 121 N. W. 938; Cooper v. R. Co., 155 Wis. 614, 145 N. W. 203; Smith v. Ralston, Morris (Ia.) 87; Morrin v. Manning, 206 Mass. 205, 91 N. E. 308; Michigan Mut. Life Ins. Co. v. Whittacker, 9 Ohio, C. C. 126; Buster v. Ruff, 5 Munf. (Va.) 27.) The last case was upon three counts for money had and received, and is exactly in point. (See also Rogers v. Bonford, (Ok.) 201 Pac. 646. § 5780 of the Wyoming Compiled Statutes, 1920, provides that a jury, in actions for money had and received, may return a general verdict, and the case of St. Yomamato v. Lumber Co.,

supra, in passing upon a statute almost identical to it, holds that a general verdict in a lump sum may be properly returned on a complaint containing several causes of action. Aside from that, many courts have held that a general verdict on two or more issues is good where the finding necessarily shows that the subject matter of all the issues was determined by the verdict. (38 Cyc. 1885; 27 R. C. L. 855; Michigan Mutl. Life Ins. Co. v. Whittacker, supra.) In the case at bar the verdict of $956 clearly shows that it embraces amounts claimed under both causes of action herein. Even if all of the credits of $1205 were credited on the first cause of action, there would still be a balance due thereon of $460. Hence the jury must have passed upon and found for plaintiff on both counts and we cannot see how defendant can be prejudiced by the general verdict, or how it would have been of advantage to him, if separate findings or verdicts had been returned. No objection was made to the form of verdict given to the jury and no objection seems to have been raised when they returned it, so as to give an opportunity for correction. The objection, if valid at all, came too late after the jury was discharged. It follows, of course, that the judgment for a lump sum, following the verdict, was correct.

Counsel for plaintiff ask that, in case of affirmance of this judgment, we should assess the penalties provided by section 6372 of the Wyoming Compiled Statutes, 1920, but particularly in view of the unsettled law on the last point herein discussed, we think that there was reasonable cause for the proceedings in error herein, and the penalties should not be assessed.

The judgment below should be and the same is hereby affirmed.

*Affirmed.*

POTTER, C. J., and KIMBALL, J., concur.