243 P.2d 780

**YOUNGKIN v. MAURER.**

**No. 5444.**

Supreme Court of Arizona.

May 5, 1952.

Struckmeyer & Struckmeyer and Jack C. Cavness, all of Phoenix, for appellant.

Lewis, Roca & Scoville and Dow Ben Roush, all of Phoenix, for appellee.

PHELPS, Justice.

This is an appeal by Everett Youngkin from a judgment in favor of Helen Jo Maurer by her guardian ad litem, Kenneth E. Maurer, for personal injuries sustained by Helen Jo, and from orders denying appellant's motions for judgment notwithstanding the verdict, and for a new trial.

The facts are that in February 1948, Mr. Walter J. Shanahan was building three houses on adjacent lots owned by him in the thirty hundred block on East Willetta Street in the city of Phoenix. Shanahan is a brick contractor and was doing the brick work on these houses. Appellant was doing carpenter work on all three of the houses under some arrangement with Shan-

ahan, the precise nature of which is difficult to determine from the evidence. The only testimony concerning this relationship was given by Shanahan and the only competent evidence given by Shanahan was to the effect that "I was doing the brick work for him on his house and he was doing the carpenter work for me on my house." He repeated this statement in substance at least twice. Later in answer to a leading question, he testified to the conclusion of law that appellant was a general contractor. This was unsupported by any competent evidence.

The George F. Casey Company, a corporation, was engaged in the business of digging cesspools in Phoenix and had dug a number of cesspools in that vicinity including three located on one of the Shanahan lots. One of these holes was about five feet deep and located about 20 feet from the house. The second hole was approximately the same depth and the third hole was 20 feet deep and located about 35 feet from the house.

These holes had been dug by the Casey Company around February 1st or 2d and it had moved its equipment from the premises approximately a week prior to the accident here involved. Shanahan had purchased lumber and had taken it upon himself to keep these holes covered. He had found them uncovered on different occasions and had recovered them. On February 13, the Fike Plumbing Company was putting in a piece of soil pipe leading from the house to the first hole. At about 2:30 in the afternoon of that day Helen Jo, who at the time was seven years of age, was returning home from school with two other little girls approximately eight to ten years old. They were crossing the lot on which the above described cesspools were located as they had frequently done before. Helen Jo was walking backwards at the time talking to the other two girls who were closely following her when she fell into the open cesspool having a depth of 20 feet. At the time the accident occurred the employees of the Fike Plumbing Company were not present, having left the premises not more than fifteen to twenty minutes prior thereto and were at that time at the second house from the scene of the accident, for the purpose of picking up soil pipe for use in connecting the cesspool in question with the house. Youngkin, at the same time, was doing carpenter work on the house located two lots away.

The complaint alleges, and the case was tried on the theory, that appellant was the beneficial owner of the premises upon which the accident occurred. Appellant denied any interest whatever in said premises and denied that he owed any duty to appellee. The court stated to the jury in its instructions that the action was brought upon the theory that appellant was the beneficial owner of the property. It further instructed it that:

"* * * A beneficial owner is one who has a right to enjoyment to land

where the legal title is in another person and where that right is recognized by law and can be enforced by the courts. In other words, before you can find the defendant Everett Youngkin was the beneficial owner of the property here in question you must find: first that the legal title was in another person; second, that the defendant had the right to the use and enjoyment of the land; third, that the defendant's right, if you so find, is recognized by law and can be enforced by the courts. Unless you find each of these factors to be true in the present case you shall return a verdict in favor of the defendant Everett Youngkin."

At the close of appellee's case, her counsel moved to amend the complaint to read that "The defendant Everett Youngkin was in possession and control of said real property" in lieu of the allegation that he was "the beneficial owner" thereof. The court denied the motion. Although no cross-assignment of error based on this ruling was presented to us, we believe it proper under the state of the record to observe that the evidence before the court did not sustain the proposed amendment. The court instructed the jury to return a verdict in favor of the George F. Casey Company during the course of the proceedings.

Appellant Youngkin has presented eight assignments of error, six of which are based upon the court's refusal to grant his motion for an instructed verdict made both at the close of plaintiff's case and at the close of the entire case. These motions were predicated in substance upon the ground that there was no evidence to establish the fact that appellant was the beneficial owner of the premises involved or that he owed appellee any duty, and upon the further ground that there was no evidence showing a breach of duty toward the appellee, i. e., that there was no evidence establishing his negligence.

There appears only one definite statement in the evidence concerning Youngkin's status on this particular job. Mr. Shanahan was asked the question:

"Q. Did Mr. Youngkin have any interest in it (meaning the property on which the work was being done)?

A. None whatsoever."

This statement is neither contradicted nor modified by any witness, but was later reaffirmed by Shanahan. His testimony conclusively refutes the allegation in the complaint that appellant was the beneficial owner of the property. This is the theory upon which the case was tried and upon which the jury reached its verdict. The jury was expressly instructed that unless it found: first, the legal title was in another person; second, that the defendant had the right to the use and enjoyment of the land; third, that the right is recognized by law and can be enforced by the court, it must find a verdict in favor of the appellant.

There was not a scintilla of evidence in the entire record that appellant

had the right to the use and enjoyment of the property in question or of any right in it recognized in law and enforcible in the courts. The jury was instructed in clear and concise language that unless it found these facts to exist it must return a verdict for defendant. It is the duty of the jury to accept and to follow the instructions of the trial judge as the law of the case regardless of what its members may believe the law should be. This it did not do. The instructions of the trial court constitute the law of the case until it is declared to be otherwise by this court. Pacific Gas & Electric Co. v. Almanzo, 22 Ariz. 431, 198 P. 457.

It was therefore reversible error for the jury to disregard the law, as given to it by the court.

Judgment reversed with directions to enter judgment for defendant Youngkin.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concurring.