Thelma DeWITTY, Appellant (Plaintiff below), Hubert R. DeWitty, Esme McHenry and Randi DeWitty, by her next Friend Thelma DeWitty, (Plaintiffs below),

v.

Guy C. DECKER and Gerald D. Snyder, Appellees (Defendants below).

No. 3133.

Supreme Court of Wyoming.

July 3, 1963.

Lawrence A. Marty, Green River, for appellant.

E. J. Herschler, Kemmerer, for appellees.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Appellant, Thelma DeWitty, was injured as the result of an automobile collision and joined by her husband brought suit to recover their damages. Appellant claimed damages of $25,000 for pain and suffering and temporary and permanent disability, $1,637 for medical and hospital expense, and

$1,582 for loss of wages. Damage to their jointly-owned car was claimed in the sum of $400. The case was tried to a jury and the jury returned a verdict finding in favor of plaintiffs, and assessed damages as follows:

Appellant's General Damages  None
Appellant's Special Damages  $1,637.00
Joint Property Damage (Car)   334.72
                      Total   $1,971.72

A joint judgment in that amount, together with costs, was entered. Claiming irregularity on the part of the jury in failing to assess general damages in any amount, and that such verdict was not sustained by the evidence and was contrary to law, appellant and her husband filed a motion for new trial which was denied by the trial court. Appellant, alone, brings the matter here for review.

For purposes of this appeal, it seems unnecessary to relate in detail the evidence pertaining to the accident. Suffice it to say that appellant, a teacher in the Seattle public school system, accompanied by her mother, young daughter, and another passenger, was en route to a teachers' meeting in St. Louis, Missouri, and while driving her car on U. S. Highway 30 in Wyoming, at a point near Dry Lake, became involved in a collision with an oil-tanker truck driven by defendant-Snyder. The accident happened a short time after 7 p. m. June 28, 1959, during a rainstorm. The truck struck the rear of the car driven by appellant, causing substantial damage. The jury having found that defendant's negligence was the proximate cause of the accident and that appellant was free from contributory negligence, which is not here challenged, we now turn to the evidence relating to the claimed personal injuries of appellant.

We shall not recite in detail the evidence relating to the above-described injuries. Briefly, it appears that following the accident appellant claimed that she had severe pains in her neck, which extended around to her ears and eyes and also affected her fingers, and in the lumbo-sacral area of the lower part of her back. However, it also appears that appellant at the time of the accident advised the patrolman she was not hurt, continued on her trip to St. Louis, Missouri, and did not seek or obtain any more than superficial medical aid until she returned to her home in Seattle on or about August 8, 1959. At that time she consulted Dr. Henry and complained of the pain and soreness above described. He found some evidence of muscular spasm in the lower back, prescribed medication to relieve the pain, and in August 1960 prescribed a back brace. Late in November 1960 appellant still complained of pain in the lower back resulting from movement, and in an effort to remove the discomfort appellant was hospitalized and placed under traction for some three weeks. Upon release, the treatment was followed by therapy about twice a week for two or three months. At the time appellant was hospitalized Dr. Henry brought Dr. Gray, an orthopedic surgeon, into the case and he examined appellant on several occasions.

Both Dr. Henry and Dr. Gray testified on behalf of appellant and while it appears that appellant had a congenital defect in her lower spine, which was said to have made it more susceptible to difficulties from an injury, there was no evidence of old or recent traumatic injury to the spine, and the discomfort claimed by appellant seems to emanate from the ligaments of the back. Both said this condition would cause pain and distress.

On the other hand, the medical expert produced by defendants testified that he had examined appellant on September 1, 1960, and again on January 3, 1962. After making certain tests, he said he could not correlate the subjective complaints of appellant with any organic condition and "considered it a certain amount of psychic overlay that must have been producing her pain." He felt that with proper dieting and exercise many of her subjective complaints would disappear.

In view of the foregoing, appellant contends that the verdict and judgment herein were erroneous for failure to fix an award for general damages and that the trial court erred in refusing to grant appellant a new trial. The nub of the contention as presented here centers around the failure to award damages for pain and suffering.

As a general rule, the failure of a jury to award general damages, in the face of an award for substantial medical and hospital expense, results at least in an improper or irregular verdict. The authorities that we have examined on the subject are practically unanimous in so holding. Webster v. City of Colfax, 250 Iowa 181, 93 N.W.2d 91, 92; Vittitow v. Carpenter, Ky., 291 S.W.2d 34, 35; Davidson v. Schneider, Mo., 349 S.W.2d 908, 913; Hallford v. Schumacher, Okl., 323 P.2d 989, 992; Edmonds v. Erion, 221 Or. 104, 350 P.2d 700; Cohen v. Food Fair Stores, Inc., 190 Pa.Super. 620, 155 A.2d 441, 444; and Smith v. Bullock, Tex.Civ.App., 317 S.W. 2d 232, 234. See also Annotation 20 A.L.R. 276. The basis for application of the rule varies to some extent, some of the courts holding that such a verdict is contrary to law in that the jury failed to follow instructions, while others seem to predicate the holding on the inconsistency of the verdict.

In the instant case, while there is some divergence of view in the medical testimony as to whether the pain and suffering claimed was largely feigned or real, the plain fact is that although the jury awarded appellant substantial medical and hospital expenses said to have been incurred as a result of the accident, it also found that pain and suffering did not bring about or accompany the treatment that resulted in such medical and hospital expenses. On the face of the verdict, the findings appear to be inconsistent.

Nevertheless, we are not convinced that such irregularity and impropriety in the verdict confer just cause to set it aside under the circumstances of this case. Un-

fortunate as the failure to recover damages in keeping with expectations might seem to appellant, relief under Rule 59 of our Rules of Civil Procedure relating to new trials is not granted as a matter of inherent right. It may be waived by conduct at the trial. See Hanson v. Shelburne, 23 Wyo. 445, 153 P. 899, 900; Oeland v. Neuman Transit Company, Wyo., 367 P.2d 967, 968; and 39 Am.Jur., New Trial, §§ 13 and 14, pp. 39–40.

The matter of waiver is grounded, among other things, on the proposition that jury trials are time-consuming and costly proceedings and while a litigant is entitled to a fair trial, certain it is that he has responsibilities to assist the trial court in bringing about such a result. It will not do to permit a litigant to remain mute and speculate on the outcome of a jury trial on the record made with knowledge of irregularities or improprieties therein that might readily and easily have been corrected during the trial and then, when misfortune comes his way, to attempt to set the invited result aside by way of a new trial because of such matters. It is not fitting for the trial court or this court knowingly to reward or condone such conduct. As so aptly stated by Judge Rossman in Fischer v. Howard, 201 Or. 426, 271 P.2d 1059, 1063, 49 A.L.R.2d 1301, a loser should not by design get "two bites at the cherry."

Without meaning to be hypercritical because of the peculiar circumstances of this case, this may well have been what happened here. At least two opportunities, as we shall point out, were afforded appellant to prevent the very thing that now brings her before this court.

We first have in mind the obvious impact of the instructions of the trial court and the furnished form of verdict upon the deliberations of the jury. It is not really our province to speculate as to the legal theory upon which a jury might have arrived at its findings (see O'Brien v. General Motors Acceptance Corporation, Wyo., 362 P.2d 455, 457), but nevertheless it seems desirable here to point out the manner in which

this case was submitted to the jury on the question of damages.

We now turn to Instruction 9 wherein, among other things, the jury was told that if it found defendant liable that it must "determine the damages of each plaintiff as elsewhere stated in these instructions." Then by Instructions 13 and 14 the court undertook to instruct on the measure of damages and, among other things, stated that if the jury found for plaintiffs, then it must award damages for the automobile in the sum of $334.72 and special damages not to exceed the sum of $1,637 for hospital and medical expense, which the court said, "is the undisputed evidence in this case." With respect to general damages, the jury was told by Instruction 13 that if it found for appellant, the award of damages "if any" for "physical and mental pain and permanent injuries, if any" should not exceed the sum of $25,000 and also that there was no fixed standard for measuring the amount to be allowed for pain and suffering, but that the jury from the testimony should "determine what you think the pain and suffering, if any, of Thelma DeWitty is worth." Then, in Instruction 14, the court reiterated that if defendants were liable, plaintiff was entitled to recover "for bodily pain and suffering, if any, that she has heretofore undergone, or may reasonably be expected to undergo in the future." In connection with these instructions, the jury was also furnished the following form of verdict:

"We, the jury, duly empaneled and sworn to try the issues in the above entitled case, do find in favor of the plaintiffs, and against the defendants, and assess Thelma DeWitty's special damages at the sum of $1,637.00 and her general damages at $_____ and assess Thelma DeWitty's and Hubert R. DeWitty's property damages at the sum of $334.72."

As stated, the jury returned the above form of verdict, filling in the blank for general damages at "none" dollars.

Neither appellant nor the defendants took exception to the instructions or the form of verdict tendered. Consideration of those matters would thus be foreclosed. Rule 51, W.R.C.P. However, where as here, a charge of misconduct on the part of the jury is made on the issue of damages and it is apparent that the instructions bear a direct relationship to the charge, it is appropriate that cognizance be taken of the entire matter.

It appears to us that the trial court, by repeated use of the phrase "if any" in instructing on the measure of general damages, unduly emphasized possible disallowance thereof, particularly when the jury was not otherwise instructed with respect to the general rule heretofore mentioned concerning awards for general and special damages. Instruction 13(a) relating to medical and hospital expense also requires comment. By the instruction the jury was given some discretion in fixing an award for such expense reasonably attributable to the accident. Yet, by the form of verdict, that discretion was immediately withdrawn, and the jury in essence was instructed to return a verdict for the full amount of said expenses if it should find that defendants were liable. Nothing in the record warranted such action.

The jury was placed in an awkward position. It could conclude, as it did, that appellant should have some recovery for her injuries. In fixing the amount it could also conclude, as it did, that defendants were not responsible for all of appellant's difficulties, and in this connection it appears to have adopted the view that the sum of $1,637 was adequate fully to compensate appellant. As a practical matter, however, it was confronted with some difficulty in fashioning its conclusions into a verdict. The only form provided did not permit the jury to measure the extent of defendants' responsibility for medical and hospital expense. On the other hand, the jury was apparently led to believe that it had full discretion to grant or to deny general damages. As a result,

the jury simply solved its difficulty by filling in the blank space for general damages with the word "none."

■ Under such circumstances the charge of misconduct is not warranted. The possibility of such a result was inherent in the manner in which this case was submitted. The failure of appellant at the time to direct the trial court's attention to the situation is understandable because the issue of special damages was resolved favorably to her. Nevertheless, by standing mute appellant is in the position of having acquiesced and by so doing she took her chances.

■ Without objection, the instructions became the law of the case on the issue of damages (see Youngkin v. Maurer, 74 Ariz. 67, 243 P.2d 780, 782; Irick v. Elkins, 38 N.M. 113, 28 P.2d 657, 660; Wright v. City of Kennewick, Wash., 381 P.2d 620, 622; and 88 C.J.S. Trial, § 425), and on the record before us we cannot say that the jury disregarded those instructions.

■ Aside from the foregoing matters, appellant had a further opportunity to avoid the necessity of a new trial. When the jury returned its verdict in open court it was as evident then, as it is now, that it was an irregular and improper verdict. But under our practice, that was not necessarily fatal to the proceedings. Under the provisions of § 1–132, W.S.1957, a verdict that is "defective in matter of substance" (which the verdict here was) may be corrected by the jury itself on further deliberation. If necessary, the court may assist the jury by submitting additional instructions. See 89 C.J.S. Trial § 567b, p. 337. Such procedure, like other rules of procedure, is designed for orderly and expeditious conduct of litigation and is particularly directed at minimizing the necessity for additional trials.

Failure of a litigant to exhaust the remedy so afforded has its consequences. We have not heretofore been presented with the exact problem but we have recognized the principle. In Innes v. Hay, 28 Wyo. 274, 203 P. 1091, 1093, the appellant complained of the failure of the jury separately to fix an award on the two counts contained in the petition. In disposing of the complaint it was said:

"* * * No objection was made to the form of verdict given to the jury and no objection seems to have been raised when they returned it, so as to give an opportunity for correction. The objection, if valid at all, came too late after the jury was discharged. * * *"

In Neal v. Wailes, Wyo., 346 P.2d 132, 135, the appellant contended that an ambiguous verdict should have been condemned as a compromise verdict, and although the matter was disposed of on another basis, reference was made to the rule that an irregularity may be waived for lack of timely objection.

Turning to other authorities on the question, it appears that the Supreme Court of Oregon has had more than its share of irregular and improper verdicts. Finally, in a rather exhaustive opinion in Fischer v. Howard, 201 Or. 426, 271 P.2d 1059, 1072, 1075, 49 A.L.R.2d 1301, after review of former cases, and under a statute similar but not as broad as ours, the following rule was enunciated:

"We are satisfied that when counsel has adequate opportunity, before the discharge of the jury, to familiarize himself with the verdict, but makes no objection to the filing of the verdict or moves that the cause be remanded to the jury, he cannot later, by a motion for a new trial, assail the verdict upon the ground that it is irregular, ambiguous or informal. His failure to have employed the procedure warranted by § 5–319, supra, constitutes a waiver upon his part of all objections which could have been made on account of irregularity, informality or ambiguity in the verdict.

* * * * * *

"Plainly, a litigant who wishes to present the contentions offered by this ap-

peal must object promptly when he observes the irregularity or forfeit his right to object. Rights to object which have been waived cannot be reclaimed and revived by resort to a motion for a new trial. * * * "

There was a strong dissent, and in the later case of Hays v. Herman, 213 Or. 140, 322 P.2d 119, 122, 69 A.L.R.2d 947, it was said that the strictness of the foregoing rule "was considerably softened" in Stein v. Handy, 212 Or. 225, 319 P.2d 935. But as pointed out in Mullins v. Rowe, 222 Or. 519, 353 P.2d 861, 863, the court in the Stein case was passing upon the action of the trial court in vacating a judgment and granting a new trial on its own motion because of its own conviction of misconduct by the jury. It upheld the trial court in so doing. In any event, the rule prevailing in Oregon now seems quite settled.

In Edmonds v. Erion, 221 Or. 104, 350 P.2d 700, 702, which it will be noted is some years later than either the Fischer case or the Stein case, supra, the court was confronted with a verdict that was almost an exact duplicate of the verdict here. There, as here, the trial court had denied a motion for new trial for claimed misconduct of the jury. There, as here, also, appellant took no exceptions to the instructions or the form of verdict at the time it was rendered, and in this connection it is interesting to note that the instruction on general damages contained the phrase "if any, but not to exceed." After remarking that appellant had his remedy through a jury and an opportunity to object successfully to the verdict, the court upheld the trial court and stated as follows:

"* * * We hold that the right to object to a verdict because it allows special damages not supported by an allowance of general damages may be waived, and that such right was waived by plaintiff in this case."

The principle is followed in other jurisdictions. In Brown v. Regan, 10 Cal.2d 519, 75 P.2d 1063, 1065–1066, the supreme court in considering a verdict somewhat comparable to the verdict here, said:

"* * * The proper procedure where an informal or insufficient verdict has been returned is for the trial court to require the jury to return for further deliberation. Kerrison v. Unger, 135 Cal.App. 607, 611, 27 P.2d 927. There can be no doubt, in view of the record presented on appeal, that, had the jury been required by the trial court to retire for further deliberation under proper instructions, a proper verdict would have been returned. It is well established by numerous authorities that, when a verdict is not in proper form and the jury is not required to clarify it, any error in said verdict is waived by the party relying thereon who at the time of its rendition failed to make any request that its informality or uncertainty be corrected. * * * "

See also Garst v. General Contract Purchase Corporation et al., 211 Ark. 526, 201 S.W.2d 757, 759; District Hauling & Construction Co., Inc. v. Argerakis, D.C. Mun.App., 34 A.2d 31, 32; Lynch v. Birdwell, 44 Cal.2d 839, 285 P.2d 919, 925; Boomer v. Isley, 49 Idaho 666, 290 P. 405, 407; Cooper v. Woodruff, Okl., 357 P.2d 969, 972; and Deese v. Williams, 237 S.C. 560, 118 S.E.2d 335, 336.

Some authority is found to the contrary (Vittitow v. Carpenter, Ky., 291 S.W.2d 34, 35; and Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 736, 20 A.L.R.2d 272), but having in mind the plain purpose of our statute to afford a jury the right to correct its own mistakes, our previous pronouncement in the Innes case, supra, and the convincing authority from other jurisdictions, we do not think it harsh or unreasonable to require a litigant, when an opportunity is afforded during the trial, timely to bring a matter such as here to the attention of the trial court in order that it might be corrected, and failing in this that he shall not be heard

here to complain. To hold otherwise would seem unfair to the jury, to the trial court, and to the other litigants, to say nothing of the unnecessary loss of time and expense.

So it is, on a record such as we have here, that we must say to appellant that despite the demonstrated reluctance of the jury to accept your extensive claims at face value, it was incumbent upon you at least to attempt to see that a verdict in proper form was returned by the jury, and not having done so we are not at liberty to grant the relief requested.

Because of what has been said, we deem it unnecessary to pass upon the question of evidence, but in that connection we might mention that apparently the trial court was satisfied that the total award made by the jury was adequate compensation to the appellant. The decretal portion of the judgment and the denial of the motion for new trial so indicate.

The judgment is affirmed.