## CHOSEN FRIENDS HOME LOAN AND SAVINGS LEAGUE v. OTTERSON ET AL.

BILL OF EXCEPTIONS — JURY IN EQUITY CASES — FORECLOSURE OF MORTGAGE — MORTGAGE OF HOMESTEAD — INSTRUCTION — REFUSAL TO PAY STENOGRAPHER'S FEES.

1. There being no certificate of the court or judge to a bill of exceptions showing that the purported evidence set out in the bill is the evidence or any part of it, the evidence and the assigned errors which involve a consideration of the evidence are not before the court for consideration.

2. In a suit to foreclose a mortgage, it is not error to impanel a jury to try some of the issues between the parties, since Section 2518, Revised Statutes of 1887 specially preserves the right of the court in suits in equity to direct any issue to be tried by a jury.

3. In such a suit, it is not error to submit interrogatories to the jury pertinent to the case, and to direct the jury to find specially as to the matters submitted. The court has the right to avail itself of the assistance and advice of a jury upon pertinent questions in the case, before rendering its judgment.

4. In such cases it is proper that specific questions should be submitted to the jury, and their answer required in the nature of a special verdict.

5. Held, that the questions submitted to the jury in this case were questions of fact.

6. The parties having had the judgment of the court, can not complain that the court called a jury to its assistance.

7. In a suit to foreclose a mortgage, the defense being that the mortgage was procured by fraud, and that the wife of the mortgagor, the property being a homestead, did not have the

nature and effect of the instrument explained to her, and she did not in fact understand its nature and effect, a jury being called to try certain issues in the case, an instruction to the effect that if the jury believe from the evidence that the wife was not informed of her homestead rights by the officer taking her acknowledgment, separate and apart from her husband in a language which she understood, and the effect of signing and acknowledging such instrument explained to her by the officer, they must find for the defendant wife, upon the issues joined, is not error, as such instruction correctly recites the requirement of the statute without which the conveyance of a homestead is declared to be absolutely void, and correctly states a legal proposition applicable to the case as made by the pleadings; and the evidence not being preserved, the court must presume that the instruction was based upon evidence, and that the facts were such as to render parol evidence admissible to impeach the certificate of the notary; and in the absence of the evidence and the entire charge, there is nothing to show that it was in any way prejudicial to the plaintiff.

8. The fact that one of the parties refused to pay stenographer's fees, and for that reason the evidence was not preserved, is not ground for a reversal of the judgment.

[Decided September 27, 1897. Commenced in District Court, Jan. 23, 1895.]

ERROR to the District Court for Albany County, HON. J. H. HAYFORD, Judge.

This was an action brought upon a bond and mortgage against Herman Otterson, Mary Otterson, his wife, and the Laramie Co-operative Association, as defendants. The mortgage was signed by Herman Otterson and Mary Otterson. The latter filed a separate answer, setting forth that when the mortgage was executed she could not read or write the English language, and understood it very imperfectly; that she did not understand the nature of the instrument or its effect, and that the same was in no manner explained to her, all of which the plaintiff well knew; and that she did not then know that she had any rights whatever in the property. The Laramie Co-operative Association also held a mortgage upon the same property.

A jury was called to try the case, and returned answers to questions specially submitted to them by the court, and also a verdict in favor of Mary Otterson. The court adjudged the mortgage to be null and void, and decreed its cancellation. In its judgment the court recited the fact that it *appeared from the evidence* and *from the verdict* that the real estate was a homestead and that Mary Otterson, when she executed the mortgage, was not fully apprised of her homestead right therein by the officer taking her acknowledgment, and that said officer did not, separate and apart from her husband, explain to her the nature of her homestead right and the effect of signing the said mortgage, "all of which the plaintiff then and there well knew." The plaintiff prosecuted error.

*W. H. Fishback,* for plaintiff in error, contended that the evidence disproved the allegations of Mary Otterson; that it was error to impanel a jury to try the case for the reason that it was an equitable one; and that it was error to submit special questions to the jury.

*M. C. Jahren* and *C. P. Arnold,* for defendants in error, contended that the evidence was not properly before the court; and that as it is not urged that the judgment is not supported by the pleadings, there is no error to be considered, and cited Wheaton v. Rampacker, 3 Wyo., 441; Roy v. U. M. Co., id., 417; France v. First Nat. Bank, id., 187; Perkins v. Hoyt, id., 56; 56 N. W., 381; 54 id., 858.

CORN, JUSTICE.

This was an action brought to foreclose a mortgage. The defendants, Herman and Mary Otterson, set up by way of defense that the execution of the mortgage was procured by fraud, and that the mortgaged property was the homestead of the defendants Otterson ; that the defendant Mary Otterson, who was the wife of Herman Otterson, did not have explained to her the nature and effect of the instrument, or her right of homestead, and that, not being able to read or understand English, she

had no knowledge of her rights in the premises, and did not understand the nature or effect of the instrument she was signing. The court impaneled a jury to try the case, to which proceeding the plaintiff objected. The jury found for the defendants, except as to the indebtedness of Herman Otterson, and answered certain interrogatories submitted to it by the court favorably to the defendants. The plaintiff in error sets out certain evidence in its bill of exceptions, but there is no certificate of the court or judge that it is the evidence, or any part of the evidence, in the case.

The plaintiff assigns as error, first, the submission of the case to the jury, upon the ground that it is an equitable action and triable by the court. The right of the court in suits in equity to direct any issue to be tried by a jury is specially preserved by our statutes. (R. S., Sec. 2518.) The court seems simply to have exercised that right, and as no objection was made to any of the members of the jury as in any way disqualified or unfit to perform the service, it does not appear how the plaintiff was, or could have been, prejudiced.

It is further assigned as error that the court submitted to the jury certain interrogatories, and directed the jury to find specially as to the matters submitted. The reasons given whereby counsel for plaintiff in error has arrived at the conclusion that this was erroneous, are that the verdict would only be advisory and not binding upon the court, and that some of the questions submitted were matters of law and not of fact. Counsel seems to argue that the right of trial by the court is a constitutional, or at least a legal right, similar to the right of trial by jury in certain cases, and that this in some way precludes the court from calling a jury to its assistance. In point of fact, he has what he is entitled to : the judgment of the court ; and, moreover, out of abundant tenderness for the rights of the parties, the court, as it might lawfully do, availed itself of the assistance and advice of a jury upon certain questions in the

case before rendering its judgment. In this the plaintiff was denied no right ; and in such cases it is eminently proper that specific questions should be submitted to the jury, and their answers to them required, in the nature of a special verdict. Counsel does not specify which of the questions, in his opinion, submit matters of law and not of fact. But we have examined them all with care. They are whether the property in question was occupied by Mary Otterson and her family as a homestead at the time of the execution of the mortgage ; whether she executed the mortgage with her husband ; whether she was examined separate and apart from her husband by the officer taking the acknowledgment, and by him apprised of her rights and of the effect of executing the instrument ; whether Herman Otterson was induced to sign by fraudulent representations ; the amount of money obtained by him from plaintiff upon executing the mortgage, and the amount of credit he was entitled to by payments upon the mortgage debt. These seem to be very clearly matters of fact. So that, even if the submission of a legal proposition to a jury would necessarily be reversible error, the plaintiff in error has nothing to complain of in that regard.

The court instructed the jury that " if they believe from the evidence that Mary Otterson the defendant, was not informed of her homestead rights by the officer taking her acknowledgment to the mortgage in question separate and apart from her husband in a language which she understood, and the effect of signing and acknowledging such instrument, explained to her by the said officer, they must find for the said Mary Otterson, defendant, upon the issues joined." This instruction is objected to upon the ground " that it is upon a question of law for the court, and not a question of fact for the jury in any case." As the instructions are supposed to embody the law of the case and are given to inform the jury what the law in the premises is, the force of the objection is not quite apparent. But this recites correctly the requirements of

our statute without which the conveyance of a homestead is declared to be absolutely void. It correctly states a proposition of law applicable to the case as made by the pleadings, and the evidence not being preserved we must presume that it was based upon evidence, and that the facts of the case were such as to render parol evidence admissible to impeach the certificate of the notary taking the acknowledgment. In the absence of the evidence and the entire charge of the court by which to test it there is nothing tending to show that it was in any way prejudicial to the plaintiff.

The plaintiff in error, apparently in good faith, assigns as error irregularities upon the part of the defendants "in refusing to pay stenographer's fees for taking of evidence in this case, by reason of which the evidence was not taken, and thereby plaintiff was precluded from having a fair trial." Under our statutes an official stenographer is appointed for each county, and his compensation is fixed by law at eight dollars per day while he is employed by the court. In criminal cases he is paid by the county. "In all other cases when he is employed, his pay shall be taxed as costs in the case." As a matter of convenience, when the stenographer is employed, the parties to an action frequently, and perhaps generally, advance the amount to be paid for his services in equal proportions. But there is no requirement of law that any party to a civil action shall employ, or assist in employing, a stenographer to take the case. It is sufficiently plain that the refusal of the defendants to employ a stenographer in this case can not be complained of by the plaintiffs.

As the evidence is not before us, we can not consider the assignments of error which involve a consideration of the evidence.

*Affirmed.*

CONAWAY, C. J. and POTTER J., concur.