# GROVER v. MURALT.

(137 N. W. 830.)

**Corporations — negotiable instruments — statutory provision — action by assignee of note.**

1. The defendant as "the maker of a negotiable instrument, engaged that he will pay it according to its tenor, and admits the existence of the payee." Revised Codes 1905, Sec. 6362. *Held*, that under this provision, on the facts of this case, it became unnecessary for plaintiff endorsee or assignee of a promissory note payable to the order of the N. I. Ry. Co. to prove the incorporation of the payee.

**Appeal and error — amendment of pleading nonprejudicial.**

2. This action is on a negotiable promissory note payable to the order of the payee therein named. Plaintiff brought suit thereon as assignee thereof. Defendant offered no evidence showing any equities in his favor or any defense against the note if in the hands of the original payee. After both parties had rested plaintiff asked permission to amend by changing the word "assigned" to "endorsed." *Held,* that under the facts and in the absence of any evidence showing a defense it was immaterial whether he held it as assignee or indorsee; and that the granting of such amendment was nonprejudicial.

**Promissory notes — real parties in interest — actions.**

3. The possession of a promissory note payable to the order of the payee by an assignee, proof of payment of a valuable consideration therefor to the payee by the plaintiff holder, and failure to show any defense, renders the maker liable to the plaintiff assignee, particularly under our statute requiring actions to be brought in the name of the real party in interest.

Opinion filed September 23, 1912.

Appeal by defendant from a judgment of the District Court for Ransom County, *Allen,* J., in plaintiff's favor in an action on a promissory note.

Affirmed.

*T. A. Curtis* and *C. O. Heckle,* of Lisbon, for plaintiff and respondent.

*A. C. Lacy,* of Fargo, for defendant and appellant.

SPALDING, Ch. J. This is an appeal from a judgment in favor of plaintiff in an action upon a promissory note. A jury was impaneled, and when both parties rested, motions were submitted by plaintiff and defendant respectively for directed verdicts, whereupon the court discharged the jury and made findings of fact and conclusion of law upon which judgment was entered. While the record is brief, a great number of errors are assigned. They need not be considered in detail, as our conclusion covers all the assignments which are material. The complaint alleges that on or about the 7th of March, 1908, defendant made, executed, and delivered to the Northwestern Inteurban Railway Company his promissory note in writing for the sum of $260, whereby he promised to pay to the order of said company said sum, nine months after said date, with interest before and after maturity at the rate of

23 N. D.—37.

6 per cent per annum; that in the regular course of business, in good faith, without notice, on April 8, 1908, before maturity, the plaintiff purchased such note, which was duly assigned to him, and that plaintiff then and there paid a valuable consideration therefor; that he is, and ever since has been, the owner thereof; and that no part of it has been paid.

The answer denies each and every allegation, matter, and thing in plaintiff's complaint contained. The evidence regarding the purchase of the note by plaintiff is without conflict, and is to the effect that the bank of which plaintiff is cashier received a letter from the payee, bearing date April 2, 1908, inclosing the note and offering it for sale for the sum of $240. On failing to receive a reply, the payee, on April 8th, again wrote plaintiff's bank, calling its attention to the former letter, and requesting it, if the paper could not be used, to return same, whereupon the plaintiff drew his personal check on the bank for the sum of $240, and therewith procured a draft payable to the order of the Northwestern Interurban Railway Company, for $240, which he transmitted to the payee in payment for the note, and took it as his own property.

Plaintiff testified that he had no knowledge or information that would lead him to believe there was any equity or defense against the note; that he purchased it in the ordinary course of business and in good faith. The note bore an indorsement at the time it was received by plaintiff about April 8, 1908, as follows: "Northwestern Interurban Ry. Co., by James J. Lambrecht, Pres't." No proof was made of the character of the payee, nor of the fact that Lambrecht was president or otherwise authorized to make the indorsement. The defendant made no offer of evidence to show any defense against the payment of such note, and his signature thereto was duly proved. All his objections went to the admissibility of evidence or to the form in which it was offered.

When defendant rested, plaintiff asked permission to amend his complaint by changing the word "assigned" to "indorsed," which amendment was permitted. To this amendment the defendant strenuously objected.

"The defendant, as the maker of a negotiable instrument, engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse." Revised Codes 1905, § 6362. From this section it would appear that defendant is not in position to

deny the existence of the party to whom the note was originally made payable. We may, therefore, dismiss all questions raised regarding lack of proof of incorporation of the payee. The defendant failed to show any equities in his favor or any defense against the note if in the hands of the original payee. For this reason we consider it immaterial whether the court properly granted the plaintiff's motion to amend, and may consider the note as payable to the order of the payee named and in the possession of the plaintiff, either with or without indorsement, who paid $240 therefor. The possession by the plaintiff, the payment of a valuable consideration therefor by him to the payee, and the failure to show any defense, equitable or otherwise, renders the maker liable. This is particularly so in view of the fact that defendant rested before the motion to amend was made, and without offering any evidence. The amendment availed plaintiff nothing because of these facts. It was immaterial whether he held it by indorsement or by assignment, and his possession and payment therefor were presumptive evidence of ownership, which there was no evidence to rebut. 8 Cyc. 69. And the proof shows the plaintiff to be the real party in interest. 8 Cyc. 71, and authorities cited under note 23. See also Bank of Bromfield v. McKinlay, 53 Colo. 279, 125 Pac. 493.

Various errors are assigned on the evidence offered by plaintiff, to the effect that questions were leading and called for conclusions of witnesses, but they are without merit. The defendant had had his opportunity before he rested to submit evidence showing a defense against the note, but had utterly failed to avail himself of his rights in the premises, if he had any defense. The signature of the defendant was proved, and we see no reason for disturbing the judgment. It is therefore affirmed.