## H. E. WRIGHT & CO. v DOUGLAS.

(No. 961; Decided Sept. 29, 1919; 183 Pac. 786.)

PLEADINGS—JUDGMENT ON PLEADINGS FOR WANT OF REPLY—CHATTEL MORTGAGES—FORECLOSURE AFTER TENDER PRECLUDES RECOVERY OF ATTORNEYS' FEES—BILLS AND NOTES—FORECLOSURE BY ADVERTISEMENT ENJOINED—HOLDER OF NOTE PAYABLE AT DENVER OR NEW YORK, AND DEMANDING PAY AT DENVER, NOT ENTITLED TO NEW YORK EXCHANGE—EVIDENCE—PRESUMPTION OF SIMILARITY OF STATUTES OF A SISTER STATE—TENDER—OBJECTION TO CHARACTER OF TENDER.

1. Where in an action to enjoin the foreclosure of a chattel mortgage by notice and sale, the answer alleged that a tender referred to in the petition was insufficient, because attorney's fees were not tendered, and it appeared from the petition that notice of foreclosure was first published three days after tender of payment, a motion for judgment on the pleadings for want of a reply, will be denied.

2. Where the maker of notes and mortgage tendered payment in gold at maturity, which was refused by the holder who published notice of foreclosure three days thereafter, the holder was not entitled to recover attorney's fees under a provision of the notes providing for an attorney's fee, if placed in the hands of an attorney for collection or collected by an attorney with or without suit.

3. A note payable at the option of the holder at named banks in Denver and New York does not entitle the holder demanding payment. in Denver to add to the principal and interest "handling charges to New York" or the cost of New York exchange.

4. As to interest after maturity, the laws of Colorado, where notes were made payable, will be presumed the same as the laws of Wyoming, until the contrary is shown.

5. Where tender of payment of notes is refused for reasons other than that it does not constitute an offer of lawful money, or is not the kind of money or property in which payment is to be made by the terms of the contract, the creditor waives that objection.

ERROR to the District Court, Weston County; HON. ERNEST C. RAYMOND, Judge.

Action by R. S. Douglas against H. E. Wright & Co. to enjoin the foreclosure of a chattel mortgage by notice and sale. From a judgment granting a perpetual injunction, the defendant brings error.

*H. S. Ridgely* and *C. E. Wampler,* for plaintiff in error.

The Court erred in denying defendant's motion for judgment on the pleadings; the statute (4401 C. S.) provides that allegations of new matter in the answer not controverted by a reply shall be taken as true; the answer alleged an insufficiency of tender, and no reply was filed; there was no tender of gold coin, nor was there a tender of attorney's fees stipulated for in the notes; there was error in overruling defendant's objection to the introduction of any testimony in the case; the judgment is not sustained by the evidence, and is contrary to law; the tender was not kept good (38 Cyc. 158) ; a check is not sufficient tender (Lewis v. Larsen, 45 Wis. 353; Smith v. Merchants' Bank, 14 O. Cir. Ct. 199) ; it was not shown that Keeler Bros. had

authority. to accept payment for the holder of notes at Denver; the rate of attorney's fees stipulated for was reasonable (Florence Oil Co. v. Gas Co., 55 Colo. 378, 135 Pac. 454) ; the holder was entitled to payment in gold coin, or the equivalent thereof in Denver, Colorado.

*David A. Fakler* and *Jesse G. Northcut,* for defendant in error.                                            ˎ

The tender was sufficient; no objection was made to the character of the payment tendered, so the point was waived (Boothroyd v. Board, 43 Colo. 435, 97 Pac. 255; Irrigation Co. v. Rogers, 22 Colo. 445, 45 Pac. 423). Of course it must appear that the drawer of the check had funds in the depository bank to meet it (Hunt on Tender, Section 83) ; the tender stopped interest (Dooley v. Smith, 13 Wis. 608) ; there was no stipulation for interest at 12% after maturity of the notes; the notes were payable in New York or at Denver at the option of the holder; the holder demanding payment at Denver, and was not entitled to New York exchange; the draft tendered in payment of the notes at maturity was for the full amount of principal and interest due; the lien was discharged by tender, and it was unnecessary to show that the tender was kept good (38 Cyc. 159; McPherson v. James, 69 Ill. App. 377; Daugherty v. Byles, 41 Mich. 61; Stewart v. Brown, 48 Mich. 383) ; the case is of an equitable nature, and Sec. 4470 C. S. does not apply; there was no justification for placing the notes in the hands of an attorney for collection, and no attorneys' fees should be recovered.

BEARD, CHIEF JUSTICE.

This is an action brought by the defendant in error, Robert S. Douglas, against the plaintiff in error, H. E. Wright & Company, to enjoin the foreclosure by notice and sale of a certain chattel mortgage given by Douglas to one Frank W. Keeler. A temporary injunction was issued, and on final hearing was made perpetual. Wright & Company bring error.

Douglas alleged in his petition, in substance:

1.   That on July 10, 1917, he executed and delivered to Frank W. Keeler, his two promissory notes, one for $5,-000.00, and one for $4,259.18, each due six months after date, with interest at 5% per annum from date until paid, and payable at the option of the holder at the Banking House of Keeler Brothers, in Denver, Colorado, or at the National Bank of Commerce, in the City and State of New York.

2.   ·That to secure the payment of said notes he executed and delivered the mortgage in question.

3.   That before the maturity of said notes he caused to be tendered the full amount due on said notes, namely, the sum of $9,259.18, as principal, and the further sum of $236.62, in all the sum of $9,495.80, at the Banking House of Keeler Brothers, at Denver, Colorado, the place selected by the holder of said notes, where payment should be made, which said Keeler Brothers refused to accept, to surrender said notes and satisfy and cancel the mortgage securing their payment.

4.   That thereafter, and on February 18, 1918, he again caused to be tendered to H. E. Wright & Company, the defendants, the sum of $9,495.80 and the further sum of $120.37, which latter amount defendant claimed as interest since the maturity of the notes, which tender so made defendants refused to accept.

5.   That notwithstanding said tender as aforesaid, defendant wrongfully began foreclosure proceedings, and have advertised a "Notice of Chattel Mortgage Foreclosure", giving notice that on March 15, 1918, it would sell at public auction all of the cattle described in said mortgage. (A copy of the notice is set out in the petition, and states:)

"The first publication of this notice shall be on Thursday, to-wit: the 21st day of February, A. D. 1918," and signed,

"H. E. Wright & Company,

                   "Denver, Colorado.

         'Present Holder of Mortgage."

6.  That unless restrained by order of the court, the defendant will proceed to sell the property as advertised.

7.  That he stands ready and willing to pay the amount due on said notes on January 10, 1918, and as tendered, and to do all things which he offered to do, and tendered, at any time prior to the bringing of this action.

For answer, defendant pleaded in substance, that the notes by their terms drew 5% interest per annum from date until maturity; and that by the terms of the mortgage the notes should draw interest at 12% per annum after maturity until paid. Denied that plaintiff tendered before the maturity of the notes the full amount due thereon at the Banking House of Keeler Brothers; denied that plaintiff at any other time tendered the full amount due on said notes at any place. Denied that plaintiff tendered or caused to be tendered the full amount due on said notes or that he caused to be tendered at any time the sum of $9,495.80; but state that about the date of maturity of said notes plaintiff tendered in full payment of the principal and interest thereon at the Banking House of Keeler Brothers at Denver, Colorado, a draft drawn by some bank in Nebraska on a bank in Omaha for $9,495.80. That by the terms of said notes they were payable in gold coin. Denied that plaintiff, at any time, tendered or caused to be tendered, the full amount due on said notes, in such gold coin. Answering paragraph 4 of the petition, defendant admitted each and every allegation therein contained; and further alleged that said notes contain an agreement to pay 15% additional as an attorney's fee if placed in the hands of an attorney or collected by an attorney, with or without suit; that prior to the tender mentioned in paragraph 4 of the petition, defendant had placed said notes in the hands of its attorney for collection, that said attorney had undertaken the collection of said notes and had caused the "Notice of Chattel Mortgage Foreclosure", set out in paragraph 5 of the petition, to be published as alleged in said paragraph 5. Answering paragraph 5 of the petition, defendant admitted each and every allegation therein con-

tained, except it denied that said foreclosure proceedings were wrongfully begun.

Defendant filed a motion for judgment on the pleadings on the ground that new matter constituting a complete defense was pleaded in its answer, to which no reply was filed. The motion was denied, and that ruling is assigned as error. What is claimed to be new matter is stated in the motion as follows:

"That as set forth in paragraph 3 of the answer, the notes secured by the chattel mortgage described in the petition were and are, by their terms, payable in gold coin of the United States of America, and that as set forth in said answer, the plaintiff did not pay, and did not offer to pay in such gold coin at, or prior to the maturity of said notes, the amount due thereon; that as set forth in paragraph 4 of the answer, the plaintiff did not, subsequent to the maturity of said notes, tender the full amount due thereon according to the terms thereof, all as set forth in said answer and the exhibits attached thereto, and made a part thereof."

For the purpose of deciding the correctness of the court's ruling on the motion, it is necessary to consider the answer to the tender of February 18, 1918, which the answer admits was made as alleged. But defendant denied its sufficiency in amount, alleging that an attorney's fee was due in addition to the amount tendered. While it is alleged that prior to the tender the notes had been placed in the hands of an attorney, the only action claimed to have been taken by him was the publication of the notice of foreclosure, which the answer alleges was published as stated in the petition. The notice is set out in the petition and shows on its face that it was not published until three days after the tender, and does not purport to have been the act of an attorney. It is signed, "H. E. Wright & Company", and states, "The First Publication of this notice shall be on Thursday, to-wit: the 21st day of February, A. D. 1918." In that state of the pleadings we think the motion was properly denied.

Whether or not the defendant was entitled to an attorney's fee on the notes is the real question to be determined. The

facts as shown by the evidence are: That on December 1, 1917, Keeler Brothers wrote plaintiff as follows: "In answer to your letter of November 29, we have been notified by the holder of the papers that he will expect payment of principal and interest on your notes when they mature— January 10, 1918. We do not feel like carrying this paper ourselves, so advise you to make immediate arrangements elsewhere in order that the present holder of your notes will not have them protested at maturity." And on December 10, 1917, they wrote to plaintiff as follows: "With further reference to our letter to you, dated December 1, 1917, we shall expect you to pay promptly on or before January 10, 1918, at our office in Denver, your cattle paper which matures at that date. As these papers have been re-discounted in the East and you undoubtedly want to protect yourself from having them protested for non-payment, it is advisable that you remit as much in advance of the maturity date as possible. You must remit in New York exchange by the terms of your notes. The following are the amounts necessary to make up the amount you must send us in order to take care of your paper:

Principal of your notes...............$9,259.18
Interest, 5% (184 days)...............   236.62
Handling charges to New York (25c per
   $100)   ..........................    23.75
                                        ────────
Total.......................$9,519.55"

It will be observed that the notes were not, by their terms. made payable in New York exchange, nor do they provide for exchange or "Handling Charges to New York". They were payable at the Banking House of Keeler Brothers in Denver, in gold coin. Keeler Brothers were not only insisting on prompt payment but requesting payment before due, and demanded in addition to unauthorized "Handling Charges", $5.14 more interest than the notes called for. The interest on $9,259.18 at 5% for six months is $231.48, not $236.62. On January 7, 1918, plaintiff caused to be mailed to Keeler Brothers a draft drawn by the Elgin State Bank

of Elgin, Nebraska, on the Stock Yards National Bank of
Omaha, Nebraska, for $9,495.80, being the amount claimed
in Keeler Brothers' letter of December 10, 1917, less said
"Handling Charges".    January 14, 1918, Keeler Brothers
returned said draft to the bank from which it was received
and wrote as follows: "We are returning herewith your
No. 45186 on the Stock Yards National Bank of Omaha, to
our order for $9,495.80, which accompanied your letter of
recent date, for the reason that the Robert S. Douglas notes
are payable in New York exchange, and in as much as the
notes matured January 10th, it will be necessary that your
remittance be for an amount sufficient to pay the total prin-
cipal and interest due on January 10th with 12% therefrom
to date of actual payment as provided for in the notes and
mortgage.    Before making any remittance to take up the
notes, it would be well for you to consult with Mr. Douglas,
as according to our records there is certain commissions due
us, and which we are making a request that Mr. Douglas
settle at this time."

The parties stipulated in writing that on February 18,
1918, plaintiff tendered to H. E. Wright & Company $9,-
616.17, in gold; that said tender was made in payment of
the principal of said notes, $9,259.18; interest from July 10,
1917, to January 10, 1918, $236.62; interest from January
10, 1918, to February 18, 1918, $120.37.    That said tender
was refused by said Wright & Company, and the reason
given for such refusal was that it could not accept the money
or the tender thereof unless there was added thereto an
attorney's fee in the sum of $300.00.

We have thus at length set forth the facts for the purpose
of showing the good faith of plaintiff in an honest desire to
pay the amount due on the notes, both at maturity and there-
after.    Also to show that Keeler Brothers and the defendant
were at all times demanding more than the notes and mort-
gage called for.    We have already referred to the item of
$5.14; and the 12% interest after maturity is not provided
for either in the notes or mortgage.    The only place where
12% is mentioned is in the mortgage where it attempts to

describe the notes secured thereby; but erroneously described them as bearing 5% from date to maturity and 12% thereafter.  Nowhere in either of the instruments can be found any agreement to pay 12% after maturity.  According to the statutes of this state the notes would draw 8% after maturity; and the laws of Colorado are presumed to be the same until the contrary is shown.  There is no evidence that an attorney took any action toward the collection of the notes other than to publish the notice of foreclosure, if, in fact, he did so, three days after the tender in gold of more than the principal and interest then due on the notes. Again referring to the tender of the draft, it is a well settled rule of law that if a tender is refused on grounds and for reasons other than that it does not constitute an offer of lawful money, or is not the kind of money or property in which payment is to be made by the terms of the contract, the creditor waives that objection and cannot thereafter insist that the tender was not good for that reason (Schaeffer v. Coldren, 237 Pa. St. 77, 85 Atl. 98, Ann. Cases 1914B, 175 and notes).  In this case Keeler Brothers, in their letter of January 14, 1918, in returning the draft, stated as the reasons for non-acceptance, not that the notes were payable in gold coin, but for the reason stated in their letter of January 14, 1918, above quoted.  Had Keeler Brothers, who were handling the matter, stated that the notes were payable in gold, as, in fact, they were, and for that reason they could not accept the draft, plaintiff would then have had opportunity to have tendered the gold as he afterwards did before foreclosure proceedings were commenced by the publication of notice of foreclosure.

In the case of Graves et al. v. Burch, decided by this court June 3, 1919, 181 Pac. 354, the question of the allowance of attorney's fees was fully considered and the authorities cited and reviewed.  The principles therein announced and the authorities cited are applicable to the facts in this case, and need not be repeated here.  By the judgment the defendant was awarded somewhat more than it was rightfully entitled to; but the plaintiff is not here complaining.  The court

found the facts to be that there was due on the notes and mortgage on February 18, 1918, the sum of $9,616.17, and that on said day plaintiff tendered to H. E. Wright, a member of the firm of H. E. Wright & Company, that amount in gold coin of the United States. By the judgment plaintiff was required to pay that amount to the clerk of the court for the use and benefit of the defendant; enjoined defendant from foreclosing the mortgage; required it to surrender the notes to said clerk for cancellation; that it cancel and satisfy said mortgage of record, and pay the costs of the action. We are satisfied that the judgment is just and equitable, and is, therefore, affirmed.                    *Affirmed.*

POTTER, J., and BURGESS, District Judge, concur.

BLYDENBURGH, J., being unable to sit, HON. JAMES H. BURGESS, Judge of the Fourth Judicial District, was called in and sat in his stead.