## BURNS v. CORN EXCH. NAT. BANK OF OMAHA.*
### (No. 1213; Nov. 17, 1925; 240 Pac. 683.)

JURY—FORECLOSURE OF MORTGAGE WITHOUT PERSONAL JUDGMENT IS
TRIABLE TO COURT—FINDING OF AMOUNT DUE NOT PERSONAL JUDG-
MENT—INTERPOSITION OF COUNTER CLAIM DOES NOT ENTITLE DE-
FENDANT TO JURY TRIAL—CHATTEL MORTGAGES—CORPORATIONS—
BANKS AND BANKING—EXCESSIVE LOANS—"FACE AMOUNT" OF
INSTRUMENT.

1. Foreclosure action, where personal judgment is not asked, is triable to court without jury in accordance with Comp. St. 1920, §§5723, 5724, not being an action for recovery of money or of specific real or personal property contemplated therein.

2. Judgment determining amount due on mortgage and amount of attorney's fees due thereon *held* not to be personal judgment that would take case out of general rule that mortgage foreclosure is equitable action.

3. In action foreclosing chattel mortgage without asking personal judgment, prayer that special master be appointed to take possession of mortgaged property would not convert case into one for possession of personal property.

4. Interposition by defendant in equitable action of counterclaim of legal nature gives him no right to jury trial either of case generally or of issue raised on counterclaim.

5. Where plaintiff, in action to foreclose chattel mortgage, enumerated property described in mortgage, and also stated increase of property was covered thereby, trial court did not err in including increase of property in decree of foreclosure.

6. Inclusion in chattel mortgage of crops on certain lands, which mortgagor did not own or have possession of, would not operate to defeat mortgage as to property correctly described therein.

7. Under Comp. St. 1920, §§ 3993, 3994, lack of proof that assignor of note and chattel mortgage on which suit was brought was a corporation would not in any way affect the suit.

8. That loan was made by state bank in excess of amount authorized under Comp. St. 1920, § 5146, does not make loan void.

9. In suit to foreclose mortgage, where notes had been discounted to plaintiff by state bank, held, it was not necessary for plaintiff to show that discount had been made for purposes mentioned in Comp. St. 1920, § 5148.

10. ''Face amount'' of instrument is that shown by mere language employed, and excludes any accrued interest; hence action of trial court in allowing attorney's fee for percentage of principal and accrued interest on chattel mortgage foreclosure was error, when note provided it should be 10 per cent of face amount.

*See Headnotes (1) 11 C. J. p. 728, 35 C. J. p. 166 (2) 11 C. J. p. 728 (Anno); (4) 35 C. J. p. 177; (5) 11 C. J. p. 729 (6) 11 C. J. p. 471 (Anno) (7) 14 C. J. p. 167 (8) 7 C. J. pp. 596, 713 (9) 7 C. J. pp. 596, 713; (10) 11 C. J. p. 739 (Anno).

ERROR to District Court, Goshen County; WILLIAM A. RINER, Judge.

Suit by the Corn Exchange National Bank of Omaha, Nebr., against John E. Burns to foreclose a chattel mortgage. There was a decree for plaintiff and defendant brings error.

*J. L. Sawyer* and *Ray E. Lee* for plaintiff in error.

The court erred in denying defendant's demand for a jury trial; Const. Art. 1 Section 9; 5725 and 5783 C. S.; there were numerous issues of fact triable to a jury; Rankin vs. Hannan, 37 O. S. 113 Humbeck vs. VanMetre, 9 O. 153; Thomas vs. Westheimer 209 Pac. 327; Capital Traction Co. vs. Hoj. 43 L. ed. 873; Clark vs. Baker, 6 Mont. 153, 9 Pac. 911; State Journal vs. Com. 43 Kans. 93, 22 Pac. 982; the issues as to the execution of the note and mortgage, and amount due for attorney's fees were triable to a jury; Graves vs. Burch, 26 Wyo. 102; Wright vs. Douglas 26 Wyo. 305; Chochtaw Lmbr. Co. vs. Waldock, 190 Pac. 866; Collins vs. Industrial Sav. Society, 190 Pac. 670; the court erred in including the increase of cattle; Gammon vs. Buel, 53 N. W. 340; the chattel mortgage is void since it included property not owned by mortgagor; Biddeford Bank vs. Hill, (Me.) 66 Atl. 721; Friendly vs.

French (Mass.) 28 N. E. 273; and other cases cited; an instrument signed by mistake is void; Jewelry Co. vs. Darnell, 135 N. W. 344; there was no evidence that the loan company is a corporation; Lingle State Bank was a real party in interest; the loan was excessive and therefore not recoverable; 5135 and 5148 C. S.; Waskey vs. Hammer, 223 U. S. 85; McMullen vs. Hoffman, 174 U. S. 639; Wald vs. Wheelon, 147 N. W. 402; the courts will not enforce an illegal contract; Kennedy vs. Lonabaugh, 19 Wyo. 352; plaintiff was not a holder in due course; 8 C. J. 388; the notes were not negotiable; Bank vs. Nolan, 93 Pac. 508; Bank vs. Heslitt, 113 Pac. 1152; Mauhard vs. Bank, 165 N. W. 185; Evans vs. Odem, 65 N. E. 755; Sykes vs. Bank, 76 Pac. 393; 3938 C. S. the notes and mortgage are to be construed together in determining whether notes are negotiable; Roblee vs. Union Stock Yards Bank, 95 N. W. 61; Allan vs. Dunn, 99 N. W. 680; 5143-48 C. S. title of the instrument was defective; Germania Safety Vault Co. vs. Driscoll 66 S. W. 610; 3988-3991 C. S. plaintiff failed to establish title; 3992 C. S. Bank vs. Bank, 24 Wyo. 435; Butterworth vs. Beach, 215 Pac. 1085.

*Reid & More,* and *Kinkead, Ellery & Henderson* for defendant in error.

The record does not show demand for jury trial; 5783 C. S. the point is not reviewable, unless shown by the record; Irrigation Co. vs. Lavalla Ditch Co., 21 Wyo. 204-220; must be preserved by Bill of Exceptions; Perkins vs. McDowell, 3 Wyo. 328-329; Littleton vs. Burgess, 16 Wyo. 58-63; Ryan vs. Snyder, 27 Wyo. 512; Seebull vs. Bank, ,5 Wyo. 409; Brandis vs. Grisson, (Ind.) 60 N. E. 485; Baldwin vs. McDonald, 24 Wyo. 108-123; Webol vs. Steinhoff, 25 Wyo. 227-256; defendant was not entitled to a jury; Const. Art. 1, Section 9, merely reserves the right as it stood at common-law; Bank vs. Foster, 9 Wyo. 157; it never existed in courts of equity; no money judgment was sought; 5608-5723 C. S. Kansas, Oklahoma and Ohio

have statutes identical with section 5723, and their decisions are in point here; Brigell vs. Creed, (Ohio) 60 N. E. 991; Saladdy vs. Webb, 1 Ohio Cir. Dec. 638; Echols vs. Reeburg, (Okla.) 161 Pac. 1065; Jackson vs. Levy (Okla.) 183 Pac. 505-506; Renas vs. Green, (Okla.), 212 Pac. 755-756; and cases cited. In equity cases juries sit in an advisory capacity; an answer in equity setting up counter claim does not entitle defendant to a jury; Maher & Co. vs. Fernandis (Wash.) 126 Pac. 542-545; Rymon vs. Lynch (Iowa) 41 N. W. 320; Brusch vs. Boyer, (Kans.) 178 Pac. 445-446; Ann. Cas 1914 C. p. 852 and note; Gresens vs. Martin (N. D.) 145 N. W. 823; Morrissey vs. Brommal, (Nebr.) 56 N. W. 383; the right to a jury is determined by the cause of action and not by the defense; 24 Cyc. 126-127; the point was not raised in Groves vs. Burch, 26 Wyo. 192; nor in Wright & Co. vs. Douglas, 26 Wyo. 305; other cases cited by plaintiff in error do not seem to be in point; there was no proof that attorney's fees allowed were excessive. The legality of the mortgage and notes was clearly established; Grover vs. Muralt, 137 N. W. 830; excess loans are collectible; 5147 C. S. 9761 U. S. C. S. Union Co. vs. Bank, 96 U. S. 640; Richeson vs. Bank, 132 S. W. 913; Goldstein vs. Bank, (Tex.) 213 S. W. 584; Bank vs. Bank, 282 Fed. 73; Wold vs. Whellon, (N. D.) 147 N. W. 402; indorsement and transfer of the notes carried the security; Live Stock Co. vs. Ketcham, 48 Pac. 29-30; Tweto vs. Buran (Minn.) 97 N. W. 128-129; Krocker vs. Burns (Colo.) 56 Pac. 199-200; Live Stock Co. vs. Bank (Iowa) 145 N. W. 535; Bank vs. Vagg (Mont.) 212 Pac. 509; when the last endorsement is in blank the instrument is payable to the bearer; 3942 C. S. since there was no defense of notes the question of negotiability is immaterial; Stephens vs. Vermillion (Kans.) 200 Pac. 277-278; a stipulation without extension of time may be made by agreement between the holder and any endorser and etc., does not render the note non-negotiable; Bank vs. Buttery, (N. D.) 116

N. W. 341; Bank vs. Kinney, (Tex.) 83 S. W. 369; Bank vs. Loukoner (Colo.) 127 Pac. 947; Bank vs. Kelly, (Okla) 151 Pac. 1172-1174; Bank vs. Dolsen (Cal.) 126 Pac. 153; Bank vs. Baldwin (Nebr.) 158 N. W. 371; Brandon on Negotiable Instruments, Sec. 328-390; the contention as to defective title and notes is without merit; Harriman Nat'l Bank vs. Seldomridge, 240 Fed. 111; Surety Co. vs. Paulley, 170 U. S. 133; no fraud in the inception of the notes was shown; 8 C. J. 213.

BLUME, Justice.

This action was commenced on July 22, 1922, by the Corn Exchange National Bank of Omaha, Nebraska, a corporation, plaintiff, against John E. Burns, defendant. The parties will hereinafter be referred to in the same manner as in the court below. The suit was brought for the purpose of foreclosing a chattel mortgage upon certain cattle, horses and crops, executed by said defendant to the Feeders Live Stock Loan Company, a corporation, on December 21, 1921, securing two promissory notes given to the same company, on the same date, each for $15,000, payable 180 days after date, and providing for an attorney's fee of ten per cent of the face of said notes. The mortgage and notes were in due time transferred to plaintiff. No personal judgment was asked against the defendant, but plaintiff prayed in its petition that the amount of the indebtedness, including the amount of the attorney's fees, be determined by the court; that the amount found due be declared to be a first lien upon the property described in said mortgage; that said mortgage be foreclosed in the usual manner; that a special master be appointed by the court to make sale of the property and to gather and possess himself thereof for the purpose of sale; that the expenses of suit and the costs and charges of making such sale, and of taking possession and keeping said property be first paid, and that the remainder

be applied upon the amount due plaintiff, any balance, if any, to be paid to said defendant.

An answer was duly filed to said petition, which, after denying each and every allegation of the petition, further states, in substance, that if defendant signed said notes and chattel mortgage, he did so unintentioally and without consideration; that he never applied to said Feeders Live Stock Loan Company for any loan and that he never received said sum from said company or from any one else in its behalf; that through one A. L. Richling, cashier of the Lingle State Bank, he applied for a loan from a War Finance Loan Company in the amount of $17,300, and that the papers which he signed on December 21st, 1921, were by him supposed to be the papers relating to such a loan from such company; that he is sixty-three years of age, unable to read ordinary typewriting or print without eye glasses and that he did not have such glasses with him at the time he signed the papers aforesaid, and that the notes and mortgage in suit, if signed by him, were obtained by the false and fraudulent representations of said A. L. Richling. Defendant also, in a cross petition, sets forth, in brief, a counterclaim in the sum of $50,000 as damages resulting from the unlawful conversion by plaintiff of the personal property described in said mortgage, in that possession thereof was, at plaintiff's request, taken by a receiver, after the filing of the said petition and during the pendency of this action. Defendant accordingly prayed that plaintiff take nothing by reason of its action; that said alleged promissory notes and chattel mortgage be cancelled and held for naught and that defendant have and recover judgment against said plaintiff in the sum of $50,000.

Upon application made by plaintiff, a receiver for said property was appointed by the court on August 4, 1922. Said receiver on September 2, 1922, filed a petition in said court, asking that he be permitted to sell the prop-

erty described in said mortgage, at public or private sale. The parties stipulated, without prejudice to their rights upon the trial of the case, that said receiver might proceed to sell said property and on September 19, 1922, the court, accordingly, directed the sale thereof. The trial of this case, upon the issues joined herein, came on for hearing on December 15, 1922. Defendant asked for a trial by a jury, pursuant to a demand theretofore made in accordance with the statutes. The court refused to grant such request and the trial proceeded without the intervention of a jury. On September 17, 1923, a judgment was entered in favor of the plaintiff and against the defendant, finding the amount due upon said notes and mortgage to be $27,986.09, together with a reasonable attorney fee in the sum of $3,000, making a total indebtedness due of $30,986.09; declaring said amount to be a valid lien upon and against the property described in the plaintiff's petition, and foreclosing said mortgage, as prayed in the petition. From that judgment the defendant has brought the case here by petition in error, assigning numerous errors, although it is not questioned that there was sufficient evidence for the court to find the main issues, as it did, in favor of plaintiff.

1. It is urged that the court erred in refusing to permit the case to be tried by a jury. It appears to be the general rule that suits to foreclose mortgages are equitable and are triable by the court without a jury. The question, though not decided, was discussed to some extent in the case of Baldwin v. McDonald, 24 Wyo. 108, 125; 156 Pac. 27, the court calling attention to the holding of some of the courts to the effect that where personal judgment for money is sought against a defendant, and issue is joined, the latter is entitled to a jury trial; that the equitable action of foreclosure is in such case converted into a legal action. The cases cited are from Ohio, Kansas and Oklahoma. The courts seem to be unanimous,

however, in holding that, where no personal judgment is asked, the action, in the absence of an express statute to the contrary, is triable to the court without the intervention of a jury. Bridget v. Creed, 65 O. S. 40, 60 N. E. 991; The C. S. & L. Assn. v. Kreitz, 41 O. S. 143; Neikirk v. Boulder National Bank, 53 Colo. 350, 127 Pac. 137; Danielson v. Gude, 11 Colo. 87, 17 Pac. 283; Jackson v. Levy, 75 Okla. 256, 183 Pac. 505; McCoy v. McCoy, 30 Okla. 379, 121 Pac. 176; Am. Cas. 1913 C; Avery Mfg. Co. v. Crumb, 14 N. D. 57; 103 N. W. 410. A case similar to that at bar is Echols v. Reeburgh, 62 Okla. 67, 161 Pac. 1065. Plaintiff asked no money judgment. Defendant denied the execution of the note and mortgage in suit, and further alleged lack of understanding and incompetency in the maker thereof, and asked that the note and mortgage be cancelled. The court held that the defendant was not entitled to a jury trial. The principle in that case is, we think, applicable here. Such rule would not, of course, prevent the court from submitting certain issues of fact to the jury, if it desires to do so, as was done, for instance, in the case of Chosen Friends Home Loan and Savings League v. Otterson, 7 Wyo. 89, 50 Pac. 194, where the finding of the jury was held to be advisory only. There is nothing in the statutes of this state to cause us to dissent from the rule generally applicable, as above mentioned, under facts like those in the case at bar. Section 5723, W. C. S. 1920, provides as follows:

"Issues of law must be tried by the court, unless referred as hereinafter provided, and issues of fact arising in actions for the recovery of money only or specific real or personal property, shall be tried by the jury, unless a jury trial be waived or a reference be ordered, as hereinafter provided."

Section 5724 provides:

"All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury or referred."

An action for the foreclosure of a mortgage is, where no personal judgment is asked against the defendant, neither an action for the recovery of money or of specific real or personal property and it would seem clear, under the statutes aforesaid, that the legislature contemplated that an action brought merely for the foreclosure of a mortgage should be triable to the court without the intervention of a jury. What the rule should be in a case which does not, in effect, dispute the right of foreclosure and where the only point involved is the existence of the indebtedness, or the amount thereof, need not be determined. The case at bar is no such case, nor is the point argued. Counsel for defendant, it is true, claim that the judgment herein is a personal judgment against the defendant and base that claim on the following portion thereof:

"Now, therefore, it is hereby ordered, adjudged and decreed that there is due, owing, payable and unpaid, by and from the defendant * * * the sum of $27,986.-09."

If the contention made were correct, the judgment went beyond the scope of plaintiff's petition. But we do not think it did, and do not believe that the lines quoted created a personal judgment against the defendant. The court thereby simply found, as was asked by the plaintiff, the amount that was due under and by virtue of the mortgage. Nor do we see any reason why the determination of the amount of attorney's fee due should take the case out of the general rule any more than the determination of the amount due upon any other item. In Walcutt v. Huling, 5 O. App. Rep. 326, an attorney's lien was sought

to be foreclosed. It was held that the court might itself determine the amount of a reasonable fee, without referring the matter to a jury. To the same effect is McKelvy's and Sterrett's appeals, 108 Penn. 615. We think the principle of these cases controls in the case at bar. There is nothing in Graves v. Burch, 26 Wyo. 192, 181 Pac. 354; and Wright & Company v. Douglas, 26 Wyo. 305, 183 Pac. 786, cited to us, which in any way conflicts therewith.

It is further contended that plaintiff asked possession of the property described in said mortgage and that the case, by reason of that fact, is taken out of the general rule. Clark v. Baker, 6 Mont. 153, 9 Pac. 911, is cited. In that case the court held, as we do here, that a case of foreclosure is triable to the court without the intervention of a jury, saying, however, that if possession of the property had been asked, such question would have been triable to a jury. The case at bar is not an action for the possession of the property described in said mortgage. The plaintiff prayed that a special master be appointed to make sale of said property and possess himself thereof for the purpose of sale. The possession asked was possession to be taken by the special master to be appointed by the court, after decree of foreclosure and in order to carry it out. Such possession would be merely incident to the execution and enforcement of the judgment rendered by the court. It would not have been necessary, we think, to have asked for possession of that kind, but simply because that was done did not, we believe, convert the case into one for the possession of personal property.

Attention is further called to the fact that the defendant, by way of cross petition and counterclaim, asked damages against the plaintiff in the sum of $50,000, for the wrongful taking of said property. It may be noted, in passing, that the great weight of authority seems to be to the effect that the interposition by the defendant,

in an equitable action, of a counterclaim of a legal nature gives him no right to a jury trial, either of the case generally or of the issue raised by the counterclaim. A few authorities appear to be to the contrary. Note Ann. Cas. 1914C 852, 853. We need not, however, determine this point, for the reason that the counterclaim herein was dismissed by the defendant without prejudice, and was not passed upon by the court, and the question is not, accordingly, before us.

2. Defendant contends that a large number of calves, the increase of the cows described in the mortgage, were included in the foreclosure; that this was not asked by the plaintiff nor was any evidence offered to show what such increase was, and that accordingly the court erred in including such increase in the foreclosure. We are somewhat at a loss to know the grounds of this contention. Plaintiff, in paragraph 4 of its petition, enumerates the property described in the mortgage, and also states that the increase of said property is covered thereby. The mortgage is attached as an exhibit to the petition, and provides that the increase of the property specifically described is included therein. Plaintiff in its prayer asked that the property described in said mortgage be sold to satisfy the amount found due. The court in its decree merely directed the sale of the property so described, including, in general terms, the increase of the cattle and horses specifically mentioned, without in any way attempting to determine or adjudicate what constituted such increase, or whether there was any. We can see no objection to the action of the court. Our attention is called to Gammon v. Bull, 86 Iowa 754, 53 N. W. 341. In that case the plaintiff complained because the decree of foreclosure did not provide for the sale of the increase, but the Supreme Court said that the burden of proof to show that increase existed was on plaintiff, and since no proof to that effect was made, the court would presume that there was none, and that the decree should not, accord-

ingly, be disturbed. It is apparent that the holding of
the court is based upon the theory that a decree of the
trial court should not be disturbed unless prejudice ap-
pears from the record, and is in no way an authority that
the decree in the case at bar should be disturbed, which,
pro forma, simply foreclosed the property included in the
mortgage. Such order could in no way prejudice the
defendant, if no increase in fact existed. If there was
increase, the plaintiff was entitled to have it sold. The
identity of the increase, and whether the receiver had the
right to sell certain property, under the supposition that
it was part of such increase, when it in fact was not, is an
altogether different question from that raised by counsel
here, and is not, so far as we can see, before us. No such
issue, even, or question, in that regard appears to have
been before the lower court.

3. Counsel for defendant state that the evidence shows
that there were included in the mortgage growing crops
on certain lands which the defendant did not own and
of which he had no possession; that the inclusion of that
property was without his knowledge or consent; that the
evidence on this point, given by plaintiff, is not disputed;
that accordingly there was no meeting of the minds of
the parties in connection with the contract; and that,
hence, the contract is null and void. The record does not,
as a matter of fact, show that plaintiff did not own or
possess the land, the crops on which were included in the
mortgage in question, although, perhaps, he intended to
so testify. Without reference to that, however, we can-
not sustain the contention of counsel. Their position is,
in effect, that if one horse, one cow or one bridle is in-
cluded in a chattel mortgage by mistake, such inclusion
would make the instrument void, no matter how fully
the minds of the parties may have met in other respects,
and no matter how carefuly the contract may have been
otherwise drawn. That cannot be the law. The cases
cited to us are not in point. Such a rule would be highly

dangerous to all commercial transactions involving a mortgage. It is apparent that if some of the crops included in the chattel mortgage in this case were not in fact owned by the defendant, he cannot be prejudiced thereby, and an order for the sale of such property to satisfy the indebtedness can be of no detriment to him, and he ought not to be able to complain thereof.

4. Error is assigned because it was not shown that the Feeders Live Stock Loan Company, the payee of the notes and the grantee of the mortgage in question, was a corporation. The corporation referred to was not the plaintiff in the action. Its capacity to sue is not involved herein. Just upon, what theory counsel claim that the showing mentioned should have been made is not clear. In any event section 3993, W. C. S. 1920, provides as follows:

"The maker of a negotiable instrument by making it, engages that he will pay it according to its tenor; and admits the existence of the payee and his then capacity to indorse."

Section 3994 contains a similar provision relating to bills of exchange. Under an identical statute as section 3993, supra, and in answer to a similar contention as here made, it was said in the case of Grover v. Muralt, 23 N. Dak. 576, 137 N. W. 830, as follows:

"The defendant, as the maker of a negotiable instrument, engages that he will pay it according to its tenor and admits the existence of the payee and his then capacity to indorse. R. C. 1905, section 6362. From this section it would appear that the defendant is not in position to deny the existence of the party to whom the note was originally made payable. We may therefore dismiss all questions raised regarding lack of proof of incorporation of the payee."

We think the rule of this case correct, and the assignment of error must be overruled.

5. The defendant contends that the loan in this case was really made by the Lingle State Bank, instead of the Feeders Live Stock Loan Company; that it was in excess of the amount authorized to be loaned under section 5146, W. C. S. 1920, which provides that not to exceed one-fifth of the unimpaired amount of the capital stock and surplus of a banking association shall be loaned to any person, company or corporation; that hence the loan is void. If the Lingle State Bank was, in fact, the real party in interest, still the contention of counsel must be overruled. Platte County State Bank v. Frantz, (Wyo.) 239 Pac. 531, which involved the same question. It is further claimed that the limitation under section 5146, supra, applies to the Feeders Live Stock Loan Company. The record, however, fails to disclose the amount of the capital stock and surplus of the latter company, and we cannot, accordingly, consider the point, though we might say that no reason occurs to us at this time why a loan by that company should be governed by a different rule in that respect than that applicable to a loan made by a bank, even though such company were bound by the regulations under the banking laws, a question which we do not decide.

6. Counsel for defendant state that the testimony shows that the notes in suit were sent to the Cheyenne State Bank and by the latter discounted with, and transferred to, the plaintiff; and the claim is made that the evidence should show that such discount was made for the purposes mentioned in section 5148, W. C. S. 1920, and other related sections, which limit the right of a bank to discount paper; that such showing is not made; that plaintiff has, therefore, shown no title to the notes or mortgage, and has no right to sue upon them. A similar contention was made in the case of State Bank v. Haun,

30 Wyo. 322, 222 Pac. 45, and McDonald v. Mulkey, (Wyo.) 231 Pac. 662, and the ruling in these cases was adverse to the contention made here. We have no reason to depart from the rule laid down in these cases.

7. The court found the reasonable amount of attorney's fees due on the notes in suit to be the sum of $3,000. The notes provided for an attorney's fee of "ten per cent of the face hereof." The sum of $5,000 had been credited on one of the notes, leaving due on said note, as contended, the principal sum of $10,000, or a total principal on both of the notes of $25,000. Counsel for plaintiff concede these facts, stating:

"Defendant contends that the $5,000 payment reduced the face of exhibit A to $10,000. This must be conceded. The total face of the mortgage debt due at the time of suit was, under defendant's (no doubt, plaintiff's) position, $25,000." The words in parenthesis are ours.

The authorities agree that the "face" of an instrument is that which is shown by the mere language employed, and excludes any interest that may have accrued on a note, judgment or similar instrument. Olsen v. Tanner, 117 Wisc. 544, 94 N. W. 305, and authorities there cited. Anderson's Law Dictionary, page 442, says that the amount due on the face of an instrument is the sum, less interest, which appears to be due thereby. We do not think that an amount in excess of that provided for in the contract should have been allowed, and we further think that by ten per cent of the face of the notes in this case was contemplated ten per cent of the principal amount due at the time of the trial, or, in other words, $2,500. It was error, accordingly, to allow a greater amount, and the judgment of the court must accordingly be modified by reducing the amount found due by the sum

of $500.   Other points raised in the briefs need not be considered.

The judgment entered in the court below is accordingly modified to the extent that the amount found due therein is reduced by the sum of $500 as hereinbefore mentioned, as of the date thereof.   As so modified the same should be and is hereby affirmed.

*Affirmed.*

Potter, C. J., and Kimball, J., concur.