**J BAR H, INC. a Wyoming corporation, Appellant (Plaintiff),**

v.

**Merrill J. MARTIN, an individual; Carol B. Martin, an individual; and The Martin Family Limited Partnership, a Wyoming Limited Partnership, Appellees (Defendants).**

No. 93–177.

Supreme Court of Wyoming.

April 22, 1994.

David K. Larson and Curt A. Haws of Mullikin, Larson & Swift, Jackson, for appellant.

Timothy J. Bommer, Jackson, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

■ This appeal arises from an unsuccessful exercise of an option to purchase property in Teton County, Wyoming. Appellant instituted an action seeking a declaratory judgment, specific performance and injunctive relief. The district court granted summary judgment to appellees because appellant failed to comply strictly with the terms of the contract. The contract required payment in "U.S. Currency" and at closing appellant presented a check instead of cash for payment. At the closing, appellees had refused to convey without specifying any reason. Wyoming precedent requires a specific refusal on this issue at the time of closing. Appellees' general refusal does not comply with case law. Consequently, we reverse and remand.

Appellant presents this statement of the issues:

1. Whether the Trial Court erred in finding that Appellant was required to tender cash to satisfy the purchase option provision of the Modified and Assigned Lease Agreement where the undisputed testimony established that Appellees failed to object to the form of payment at the time the purchase price was tendered.

2. Whether the Trial Court erred in finding that Appellant was required to tender cash to satisfy the purchase option provision of the Modified and Assigned Lease Agreement where the undisputed testimony was that other payments required under the Modified and Assigned Lease Agreement had, during the term of the lease, been made by means of a check drawn on Appellant's account.

3. Whether the Appellees breached their implied covenant of good faith and fair dealing by refusing to accept payment of the purchase option price tendered by Appellant without stating the basis for that refusal so that Appellant had no opportunity to cure the objectionable tender.

Appellee restates the issues as:

I. Was J Bar H required to exercise the option to purchase in strict compliance with its terms?

II. Does the record reveal any course of dealing indicating that the parties intended to disregard the express requirements of the option?

III. Is J Bar H barred from raising a theory of bad faith by its failure to raise that theory at the trial level?

IV. Was J Bar H's claim barred by its execution of a Release?

## FACTS

In 1983, J Bar H bought the assets of a business owned by the Martins. Disputes between the Martins and J Bar H arose over a lease agreement which J Bar H considered one of the assets. This lease was executed in 1980 for certain real property located in Teton County, Wyoming. Litigation resulted and was resolved by a settlement agreement and a modification and assignment of the lease agreement executed in December of 1986. The modified lease agreement contained an option to purchase provision which stated in part:

Landlord hereby grants tenant an option to purchase the leased property from landlord at any time during the term of this Lease which shall end December 31, 1991. The purchase price for the leased property shall be $40,000.00 in U.S. currency, payable at closing.

On December 11, 1991, J Bar H notified the Martins of its intention to exercise the option. Because another dispute had arisen between the Martins and J Bar H over who would pay for assessed road and sewer improvements to the leased property, the notice stated that the disputed amount would be paid to the district court and paid out accord-

ing to the court's direction. The notice proposed a closing date of December 30, 1991.

The closing was held on that date, but the Martins did not attend. The J Bar H representative was accompanied by a bank official. The Martins' attorney was present and demanded that the disputed assessment costs be paid. J Bar H's representative presented a check written to the Clerk of Court for the disputed amount, and J Bar H offered the Martins' attorney a check in the amount of $40,000 as payment in full for the option purchase price. The attorney refused the check, but the record indicates the attorney did not state the form of payment tendered to him was not acceptable to the Martins. Because of the Martins' failure to convey, J Bar H filed a complaint seeking a declaratory judgment of the rights and duties of the parties, specific performance, and an injunction to prevent J Bar H's eviction from the leased premises. At the same time, J Bar H presented the check for the disputed assessment costs to the Clerk of the Court. The Martins filed a motion to dismiss or for summary judgment under two theories. In one theory, they asserted the lawsuit was precluded because the 1986 settlement agreement released the option claim; in the other theory, they asserted that J Bar H had failed to comply strictly with the contract by presenting payment in check form rather than "U.S. currency"—cash.

The district court granted the Martins' motion for summary judgment because J Bar H had failed to abide by the specific requirements to exercise the option. The court stated that it did not need to address the validity of the release and settlement agreement. In a clarifying order, the court held that the Martins' motion was granted because J Bar H failed to tender United States currency as specified in the option contract. This appeal followed.

## STANDARD OF REVIEW

 Summary judgment is proper when no genuine issues of material fact exist, and the prevailing party is entitled to judgment as a matter of law. When reviewing the propriety of a grant of summary judgment, we review the record in the light most favorable to the party opposing the motion, giving that party all favorable inferences that can be drawn from the facts contained in the submitted material accompanying the motion. *Lynch v. Norton Constr.*, 861 P.2d 1095, 1097 (Wyo.1993); *Miller v. Campbell County*, 854 P.2d 71, 75 (Wyo.1993). In reviewing a summary judgment the Supreme Court first considers whether or not there is a genuine issue of material fact underlying the granting of the summary judgment; if there is no issue of material fact, the court then decides whether the substantive law was correctly applied by the trial court. *Sutherland v. Bock*, 688 P.2d 157, 158 (Wyo.1984).

## DISCUSSION

Appellants contend the district court incorrectly applied the substantive law in this case to the issue of nonconforming tender. Appellees contend the district court correctly found that our holding in *Covey v. Covey's Little America, Inc.*, 378 P.2d 506 (Wyo. 1963), which requires strict compliance with contract terms, is dispositive of this case. *Covey* did acknowledge that the general rule of law required strict compliance with option terms, but determined the particular facts in question permitted substantial rather than strict compliance with the option term. *Covey*, 378 P.2d at 513. We need not consider *Covey* in this appeal, however, because of another line of cases which directly addresses the issue of nonconforming tender.

In the early case of *H.E. Wright & Co. v. Douglas*, 26 Wyo. 305, 313, 183 P. 786, 789 (Wyo.1919), the creditor held a note which by its express terms was payable in gold coin. The creditor refused debtor's tender of payment in the form of a bank draft. The refusal was because the holder stated additional interest and commissions were due. No objection was made because gold coin was not tendered. Later, the creditor raised the debtor's failure to tender gold coin as a further reason for the refusal to accept payment. This court held in *Wright* that the creditor waived the "gold coin" objection and could not thereafter insist that tender was not good for that reason. *Wright*, 26 Wyo. at 313, 183 P. at 789.

The *Wright* court stated the well-settled rule of law that "if a tender is refused on grounds and for reasons other than that it does not constitute an offer of lawful money, or is not the kind of money or property in which payment is to be made by the terms of the contract, the creditor waives that objection and cannot thereafter insist that the tender was not good for that reason." *Wright*, 26 Wyo. at 313, 183 P. at 789.

The rule was reaffirmed in *Larsen v. Sjogren*, 67 Wyo. 447, 226 P.2d 177, 181 (1951) and *Parkinson v. Roberts*, 78 Wyo. 478, 329 P.2d 823, 827–28 (1958). In *Larsen*, the holders of an option to purchase property "for the sum of Two Thousand ($2000.00)" attempted to exercise it and tendered a check in that amount. *Larsen*, 226 P.2d at 179. The owners refused to convey. The owners "merely made a general refusal without specifying any specific grounds for such refusal." *Larsen*, at 181. During litigation, the owners objected that the tender was not "for lawful money." This court rejected the argument for the reason that a creditor may not merely make a general refusal and not specify any specific grounds for such refusal. *Larsen*, at 181–82.

Similarly, in *Parkinson*, this court rejected an argument that a cashier's check was not good tender because the contract term specified "$7,400.00 cash upon delivery." The court found the sellers had not refused the $7,400 for the reason it was not tendered in the proper form. *Parkinson*, 329 P.2d at 828.

As Justice Blume explained in *Larsen*, the wide acceptance of checks requires a specific objection to the form of payment as unacceptable under the contract terms or the right is waived. The rule's purpose is to permit the offeror an opportunity to tender the proper form of payment because usually an offeror can readily obtain the money and tender it in time. *Larsen*, 226 P.2d at 182. From the *Larsen* and *Wright* decisions, we derive the rule that the party to a contract who is to receive payment in a certain form must expressly reject any nonconforming payment for that precise, specific reason. That party's failure to specifically object will be deemed, as a matter of law, to have waived that precise, specific reason. In other words, a general refusal, where a specific one exists in the written contract, waives the specific refusal.

Appellees urge that this court sustain their summary judgment on the issue of the settlement agreement and release. The district court found no need to address this issue because of its determination there was not strict compliance with an option term. That ruling judged the exercise of the option invalid, and there was no purpose in proceeding on the release issue. Because we hold the summary judgment was improperly granted, appellees are free in future proceedings to reassert the release issue. *May v. McCormick By and Through Swallow*, 704 P.2d 709, 713 (1985).

We reverse the district court's grant of appellees' summary judgment motion and remand for proceedings consistent with this opinion.